## 53646. RANSOM v. THE STATE.

SHULMAN, Judge.
Appellant was convicted of aggravated assault and sentenced to ten years. This appeal follows the denial of a motion for a new trial.

1. Appellant asserts that the court erred in denying a motion for a mistrial made when the district attorney referred to appellant as a "criminal defendant."

On objection, the trial judge instructed the jury: "This Defendant is not a criminal. This Defendant is presumed to be innocent until he is proved guilty, and you will disregard and wipe out of your mind any implication that he stands at this time before you as a criminal in any way. He is an innocent man before you today, and he remains such until he is proved guilty to your satisfaction."

The trial judge's instruction was more than sufficient to remove any improper impression from the minds of the jurors. "[W]hen, as here, the improper remark is cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial. Code Ann. § 81-1009. [Cits.]" *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89).

2. Appellant, citing *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), urges that the trial court erred in allowing evidence of an unrelated crime to be presented to the jury, and thereby impermissibly placed appellant's character

in evidence. This argument must fail.

At the trial testimony was allowed, over objection, that appellant did not possess a license to carry a pistol at the time he shot the victim. Appellant is correct that the offense of carrying a pistol without a license and aggravated assault by shooting are separate and distinct offenses. *Thomas v. State,* 128 Ga. App. 538 (2) (197 SE2d 452). Appellant is not correct, however, in his contention that *Bacon* would require reversal. "While it is true that the prosecutor may not introduce matters that place the defendant's character in issue by showing that he has committed another, wholly independent crime, there is an exception where 'evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime. . .' [Cits.]" *Lindsey v. State,* 234 Ga. 874, 876 (218 SE2d 585). The offense of carrying a pistol without a license in the case at bar was part of the transaction in which the victim was shot. See *Thomas,* supra, at 541. The enumeration is "therefore without merit as all the testimony related to the same transaction or occurrence." *Lindsey,* supra, p. 876; see also *Cauley v. State,* 137 Ga. App. 814 (3) (224 SE2d 794).

3. Appellant asserts that the court erred in charging the jury on mutual combat because there was no evidence of mutual combat. This enumeration is unavailing. There was evidence that appellant and his victim were angry at each other and were arguing and swearing. Appellant testified that his victim had threatened him, lunged toward him and was about to draw a weapon. Appellant responded to this by drawing a pistol and shooting his victim. There was sufficient evidence to authorize a charge on mutual combat. *Pollard v. State,* 124 Ga. 100 (52 SE 319).

4. Appellant contends that the trial court erred in refusing his request to charge on simple battery. There was no error here. *Powell v. State,* 140 Ga. App. 36 (230 SE2d 90).

5. Appellant claims that the court erred in not permitting appellant to testify as to an allegedly contradictory statement made by the victim at a preliminary hearing. Appellant was informed that he had

a right to recall his accuser, lay a proper foundation in accordance with Code Ann. § 38-1803, and then introduce contradictory statements if appropriate. Appellant declined to do this. Since a proper foundation had not been laid, it was not error to exclude the testimony. *Estill v. C. & S. Bank,* 153 Ga. 618 (7) (113 SE 552); *Guaranty Life Ins. Co. v. Johnson,* 60 Ga. App. 292 (4) (3 SE2d 773).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED APRIL 11, 1977 — DECIDED APRIL 29, 1977 —
REHEARING DENIED MAY 17, 1977.

*Guy B. Scott,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.