56614. CARROLL et al. v. THE STATE.

BANKE, Judge.
This is the second appearance of this burglary case before this court. A previous trial and conviction were overturned in *Carroll v. State,* 143 Ga. App. 796 (240 SE2d

197) (1977), due to the erroneous admission of evidence that the two appellants, Dennis and Wayne Carroll, had committed a prior burglary. Following a second trial, the appellants were again found guilty. They appeal the denial of their motion for new trial.

The evidence established, among other things, that the appellants had been found in possession of property stolen during the burglary, that a footprint left at the scene matched a shoe worn by one of them, and that both had confessed to participation in the crime. *Held:*

1. "Whether joint defendants are to be tried jointly or severally for noncapital felonies is a matter within the discretion of the trial court. Code Ann. § 27-2101; *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). For this court to hold that a denial of the motion [to sever] was an abuse of discretion it must appear that the defendant suffered prejudice amounting to a denial of due process. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975)." *Aaron v. State,* 145 Ga. App. 349 (243 SE2d 714) (1978). The fact that the appellants made confessions implicating each other does not necessarily establish such prejudice. In this case, the confessions were made jointly and do not set out conflicting defenses. In fact, they corroborate each other. The trial court did not abuse its discretion in denying the motion for severance.

2. It was not error to overrule a motion to suppress the victim's testimony that he saw some of the stolen items in the home of Dennis Carroll. The victim was invited into the home by Mrs. Dennis Carroll while he and some uniformed deputy sheriffs were waiting outside for the arrival of a search warrant. Even assuming arguendo that the wife's invitation was not extended freely and voluntarily, it is clear that the victim was motivated by his own personal interest in recovering his property when he entered the house and identified the property as his. Thus, the trial court was fully authorized to conclude that he was not acting on behalf of law enforcement authorities and, consequently, that no Fourth Amendment violation resulted. See generally Burdeau v. McDowell, 256 U. S. 465 (41 SC 574, 65 LE 1048) (1921); *Tootle v. State,* 135 Ga. App. 840 (219 SE2d 492) (1975); *Lester v. State,* 145 Ga. App. 847 (2) (244 SE2d 880) (1978).

3. The appellants' confessions were not inadmissible as the fruit of an illegal search and seizure. The two brothers were arrested and made their confessions following a search of Dennis Carroll's home. This search was ruled to be illegal on the ground that the search warrant upon which it was based was invalid; however, it is clear that the sheriff's department already had probable cause to arrest the appellants when the search took place, and it is evident that the arrest was not predicated on the results of the illegal search. Instead, it appears that the appellants were already being sought due to the fact that one item of stolen property had been recovered from their van and another had been identified in Dennis Carroll's home. Under these circumstances, the confessions cannot be held to be barred by the "fruit of the poisonous tree" doctrine espoused in Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).

4. A former assistant district attorney, Mr. Dean Donehoo, was named "special prosecutor" to assist the district attorney in prosecuting this case. Mr. Donehoo, now a private practitioner, was appointed because he had handled the first trial of the case as assistant district attorney. The appellants objected that this procedure violated Code Ann. § 24-2919 (4) (a) (Ga. L. 1977, pp. 1257, 1262), which provides that any "assistant district attorney, deputy district attorney, or other attorney-at-law employed by the district attorney who is compensated in whole or in part by State funds shall not engage in the private practice of law." See also Code Ann. §§ 24-2913, 24-2914.

Even if we assume that the above Code section was violated by the appointment of Mr. Donehoo to try the case, we would not for this reason be led to the conclusion that the appellants were denied their right to a fair trial. There has been no showing that the appellant was prejudiced in any way by Mr. Donehoo's involvement in the case. Instead, we have before us only an unsupported assertion that the jury somehow "got the impression that the appellants had been singled 'out for special prosecution by the state." Under these circumstances, we find no ground for reversal of the convictions. Cf. *Burnett*

*v. Doster,* 144 Ga. App. 443 (3) (d) (241 SE2d 319) (1978).

5. It was not error to allow the state to use the transcript of the first trial for impeachment purposes. See generally Code § 38-1803. There was never any reference at trial to the fact that a previous jury had found the appellants guilty of the offense for which they were being tried. Thus, even if the use of the transcript indicated to the jurors that there had been a previous trial, it could just as easily have led them to the conclusion that the previous trial had resulted in a mistrial as that it had resulted in a conviction. Furthermore, the appellants' attorney himself used the transcript of the first trial in an attempt to impeach a witness. This enumeration of error is without merit.

6. The trial judge did not err in sustaining the state's objections to the manner in which the counsel for the appellants attempted to impeach a witness through use of that witness' testimony at the former trial. Code § 38-1803 provides that a witness may be impeached by contradictory statements and that where such statements are in writing, "the same shall be shown to him, or read in his hearing . . ." Defense counsel never showed the witness his prior testimony, nor attempted to read it to him, but instead merely asked him repeatedly if he remembered his previous testimony. Since he had not first laid the required foundation for such questioning, it was not error to sustain the state's objections to it. See *Estill v. C. & S. Bank,* 153 Ga. 618 (7), 628 (113 SE 552) (1922); *Smith v. Smith,* 223 Ga. 560 (6) (156 SE2d 901) (1967); *Ransom v. State,* 142 Ga. App. 325 (5) (235 SE2d 748) (1977).

7. " 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' *McCoy v. Scarborough,* 73 Ga. App. 519 (6) (37 SE2d 221)." *Campbell v. State,* 111 Ga. App. 219 (5) (141 SE2d 186) (1965).

8. Mrs. Dennis Carroll was not prohibited by the doctrine of interspousal immunity from offering testimony detrimental to her husband, nor was it error to allow other witnesses to attribute to her statements

incriminating her husband. "The privilege of refusing to testify belongs to the witness and not to the accused, and, where the witness voluntarily took the stand and testified, it will be presumed that she did so pursuant to a waiver of her privilege. *James v. State,* 223 Ga. 677, 683 ..." *Kellar v. State,* 226 Ga. 432 (1) (175 SE2d 654) (1970). See Code Ann. § 38-1604 (as amended through Ga. L. 1957, p. 53); *Broome v. State,* 141 Ga. App. 538 (1), 540 (233 SE2d 883) (1977).

9. Following their initial trial, the appellants were each sentenced to eight years' imprisonment. Following the trial which is the subject of this appeal, they were each sentenced to serve 12 years. The increase presumably resulted from evidence of a prior conviction which was introduced at sentencing following the second trial, but not the first.

"[W]here the judge imposes a more severe sentence on the second trial the reasons for his doing so must be made a part of the record, and those reasons 'must be based upon objective information concerning identifiable conduct on the part of the defendant occurring *after* the time of the original sentencing proceeding.' " *Hewell v. State,* 238 Ga. 578, 579 (234 SE2d 497) (1977) (emphasis supplied), quoting from North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969). Since the prior burglary had been committed before the original sentences were handed down, it could not serve as a proper basis for increasing them. Therefore, the appellants' sentences are vacated, and the case remanded for resentencing in accordance with *Hewell v. State,* supra.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 13, 1978 — DECIDED SEPTEMBER 28, 1978.

*Michael S. Moldavan,* for appellants.
*Charles A. Pannell, Jr., District Attorney, Stephen A. Williams, Assistant District Attorney,* for appellee.