## 68330. BLOUNT v. THE STATE.
(322 SE2d 323)

BENHAM, Judge.

Appellant was convicted of aggravated assault based on an alleged sexual assault on an 18-year-old student in the special educa-

tion class appellant taught. According to the prosecutrix, the assault occurred in a classroom during the lunch break.

1. In appellant's 1st and 4th enumerations of error, he complains of the sustaining of two objections to questions defense counsel asked the prosecutrix during cross-examination. Both questions dealt with the prosecutrix's sexual history in the context of her answers to a physician's questions shortly after the alleged assault. Appellant contends that the questions were asked for the purpose of impeachment and argues that impeachment is an exception to OCGA § 24-2-3's prohibition against an inquiry into a rape victim's sexual history.

In *Estes v. State*, 165 Ga. App. 453, 454 (301 SE2d 504) (1983), this court considered whether the rape shield law should apply to an incest case and held that it should: "Because there is evidence of rape in this case in that the victim testified that defendant forced himself on her against her will, 'the reasons why evidence of prior sexual experience is not permitted by [OCGA § 24-2-3] are equally applicable in this case.' [Cit.]" We find that reasoning compelling and hold that OCGA § 24-2-3 is applicable to prosecutions for aggravated assault with intent to rape.

Having determined that the rape shield law is properly applicable to this case, the resolution of these enumerations is easy since this court has already decided that impeachment is not an exception to OCGA § 24-2-3. *Johnson v. State*, 146 Ga. App. 277 (2) (246 SE2d 363) (1978). The trial court did not err in sustaining the State's objection to defense counsel's questions concerning the prosecutrix's previous sexual conduct.

2. After a discussion in the jury's absence regarding the issue addressed in the preceding division of this opinion, the trial court called the jury back to the courtroom and informed the jurors that the State's objection had been sustained. Appellant enumerates that action as error, arguing that in so doing the trial court improperly bolstered the testimony of the prosecutrix and expressed an opinion concerning the evidence. We disagree.

The trial court's statement to the jury was neutrally stated and consisted of no more than a statement as to the court's ruling. There was nothing in the phrasing of the information to bolster the testimony of the prosecutrix or to express an opinion since the trial court did not "use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony." *Miller v. State*, 122 Ga. App. 553 (3) (177 SE2d 838) (1970).

3. Appellant produced at trial affidavits signed by the prosecutrix and her parents in which they swore that there had been no rape or other sexual contact between appellant and the prosecutrix. The prosecutrix and her father both repudiated those affidavits on the witness stand and claimed that they had sworn falsely for the purpose

of avoiding a court appearance. In his 3rd and 11th enumerations of error, appellant argues that the trial court erred in failing to strike the testimony of both of those witnesses under OCGA § 24-9-85 (b), which reads as follows: "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence."

Although the State attempted to show that the affiants were not properly sworn, the evidence would authorize the jury to conclude that the prosecutrix and her father both swore falsely either in the affidavit or at trial. However, we do not find any error in the trial court's failure to strike the testimony. "Undoubtedly, this witness swore falsely either in her affidavit or in her testimony on the trial. However, on the question of the wilfulness of her false swearing she was entitled to explain her reasons for doing so, and the jury could consider this explanation in passing on her credibility. [Cits.]" *Montgomery v. State*, 224 Ga. 845, 848 (165 SE2d 145) (1968).

4. A related issue is raised in appellant's 25th enumeration of error, in which appellant complains of the trial court's refusal of appellant's request to charge OCGA § 24-9-85. We agree with appellant that the trial court's action was reversible error.

As in *Montgomery*, supra, the issue of willful and knowing false swearing was raised by the evidence. The State's effort to discredit the affidavits by attacking the method of swearing the affiants was not so effective as to make them insufficient as a matter of law (see *Brooks v. State*, 63 Ga. App. 575 (1) (11 SE2d 688) (1940)), especially since the prosecutrix was not questioned concerning her oath as her parents were. Nor do we find convincing the State's argument that the substance of the requested charge was included in the trial court's instruction on credibility; there was no mention in the jury charge of the principle involved in this issue. Since the credibility of the prosecutrix, the only witness to the alleged assault, is so material that without it the conviction could not be sustained, we are compelled by the decisions of this court in *Jones v. State*, 70 Ga. App. 431 (2) (28 SE2d 373) (1943), and *Martin v. State*, 93 Ga. App. 580 (2) (92 SE2d 233) (1956), to reverse appellant's conviction because of the trial court's refusal to give appellant's requested charge on OCGA § 24-9-85 (b).

5. In his 5th and 6th enumerations of error, appellant complains of the admission into evidence of his incriminating statement and of the testimony concerning the statement. The basis for appellant's attack on the admissibility of the questioned evidence is his contention that the statement was given at a time when he had been misinformed of the charges against him. We find no merit in that argument.

The evidence shows that appellant was told that he was being questioned with regard to a rape. A waiver form signed by appellant

specified that appellant was suspected of a "sexual assault." Since appellant was indicted for and convicted of aggravated assault with intent to rape, we cannot agree that his statement was given while he was under a misapprehension of the nature of the charges against him.

6. Appellant's 7th and 8th enumerations of error raise several issues concerning the admission of evidence regarding a polygraph examination of appellant. The witness who testified concerning the examination was the examiner. He gave his opinion that appellant was deceptive in his responses to certain key questions.

An argument based on the State's noncompliance with a request for scientific reports need not be considered since we have reversed the conviction and the document on which the argument is based was given to counsel at trial, making it available to appellant in the event of a retrial.

The second argument against the admissibility of the polygraph results is that the questions used were improper because they were designed for use in a rape case. However, the record shows that the questions were designed to test the truthfulness of appellant's response to inquiries about the events which formed the basis of the charges against him. They concerned a sexual assault by appellant on the prosecutrix, and since a showing of a completed rape will authorize a conviction under an indictment for aggravated assault (OCGA § 16-5-22), the questions were material both to rape and to aggravated assault with intent to rape.

Appellant contends that the failure of the polygraph examiner to provide him, prior to the examination, with a written list of the questions to be asked was a violation of Regulation 502-4-.01 of the Regulations of the State Board of Polygraph Examiners and that the violation required the exclusion of the examination results. Assuming appellant is correct that a violation of the cited regulation would require exclusion of all evidence of the examination, we do not find that such a violation has been proved in this case. The regulation in question does not expressly require that a copy of the questions be supplied to the examinee prior to the test; it requires the questions be reduced to writing, read to the examinee, and his answers recorded in writing. The examiner testified that he went over the questions with appellant prior to the examination. A written list of questions asked in the examination, with appellant's answers marked thereon, was admitted as an exhibit during the examiner's testimony. We find no violation of the cited regulation.

The final ground asserted by appellant for the exclusion of the polygraph evidence is that there was no compliance with *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977), the case in which the Supreme Court established the requirements for the admission of pol-

ygraph examination results. Specifically, appellant asserts that the "express stipulation" requirement of *Chambers* was not met because the district attorney did not sign the stipulation until some time after the examination. However, the record shows that there was an express, albeit oral, stipulation to admit the polygraph results (see *Dein v. Mossman*, 244 Ga. 866 (3) (262 SE2d 83) (1979)), and that that stipulation was entered into prior to the administration of the examination. We find no error in the admission of the polygraph examination results for any of the reasons asserted by appellant.

7. The 9th enumeration of error concerns an alleged violation of the rule of sequestration. After a recess, defense counsel moved for the exclusion of the testimony of the next witness the prosecuting attorney proposed to call. The basis for the motion was defense counsel's assertion that the witness had discussed his testimony with the prosecuting attorney in the presence of the preceding witness during the recess. In the colloquy that followed, the State's attorney stated in his place that he had only told the witness generally what questions he would ask, that he did not tell the witness what answers he expected, and that the preceding witness had done no more than introduce him to the next witness. Questions involving the enforcement of the rule of sequestration are within the discretion of the trial judge. *Jarrell v. State*, 234 Ga. 410 (6) (216 SE2d 258) (1975). Under the circumstances here, and especially in light of defense counsel's admission that he had not overheard the prosecuting attorney or the witness say anything improper, we find no abuse of that discretion.

8. The denial of appellant's motion for a directed verdict of acquittal is the subject of the 10th enumeration of error. The two grounds asserted in the enumeration of error are that the evidence was not sufficient and that appellant was actually tried for rape, not aggravated assault.

The testimony of the prosecutrix and of the physician who examined her was sufficient to establish the elements of the offense. That being so, the evidence did not demand a verdict of acquittal. *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983).

The other argument, that appellant should be acquitted because he was actually tried for rape under an indictment for aggravated assault, is also without merit. "A person may be convicted of the offense of assault with intent to commit a crime if the crime intended was actually committed as a result of the assault . . ." OCGA § 16-5-22. See also *C.L.T. v. State*, 157 Ga. App. 180 (2) (276 SE2d 862) (1981).

9. During cross-examination of the prosecutrix's father, defense counsel attacked the witness' credibility by showing he had sworn contrary to his testimony at trial. See Divisions 3 and 4 of this opinion. On redirect examination, the witness was permitted to testify over appellant's hearsay objection that he signed the affidavit only

because appellant's former lawyer told him that it would make a court appearance unnecessary. The admission of that testimony is appellant's 12th enumeration of error.

Since appellant attacked the witness' credibility, the witness' motive for signing the affidavit became a material matter for the jury to consider. That being so, the testimony was properly admitted to explain the witness' conduct. *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982).

10. After the presentation of the defense, the State was permitted to recall one of its witnesses to rebut the testimony of an expert witness called by the defense. In his 13th enumeration of error, appellant argues that the testimony of the rebuttal witness was inadmissible hearsay. We cannot agree.

During cross-examination of appellant's expert witness, the State asked the witness whether he had ever taught his students a certain principle. The witness denied having done so. The rebuttal witness was called to testify that the expert defense witness had been the rebuttal witness' teacher and had taught a principle directly contrary to his testimony. Having laid a foundation by drawing the expert witness' attention to an alleged prior inconsistent statement and procuring from the witness a denial of the prior statement, the State was entitled to present evidence that the witness had made a statement inconsistent with his testimony at trial. *Harden v. State*, 166 Ga. App. 536 (3) (304 SE2d 748) (1983).

11. In his 14th, 15th, 21st, 22nd, and 23rd enumerations of error, appellant complains of the trial court's refusal to give requested charges on intent, the elements of aggravated assault, credibility (two requests), and the interests of parties, respectively. Our review of the jury instructions in this case reveals a thorough and complete charge on each of the issues raised by the requests involved in these enumerations of error. That being so, there was no error in refusing to charge in the exact language requested by appellant. *Brownlee v. State*, 155 Ga. App. 875 (5) (273 SE2d 636) (1980).

12. Appellant requested a jury instruction to the effect that the State had to prove that the defendant's intended forcible intercourse with the prosecutrix was prevented by the prosecutrix' resistance. We find no error in the refusal of that charge, the subject of appellant's 16th enumeration of error, since it is directly contrary to the principle contained in OCGA § 16-5-22 and *C.L.T. v. State*, supra, that one may be convicted of an assault with intent to commit a crime even if the crime is actually committed.

13. Contrary to the argument supporting appellant's 17th enumeration of error, it is no longer the law of this state that the victim of a sexual assault must continue with "utmost resistance," in order for the statutory element of force to be shown. *Curtis v. State*, 236

Ga. 362 (1) (223 SE2d 721) (1976). For that reason, appellant was not entitled to a charge containing that proposition. Id.

14. Appellant requested a charge on the strict construction to be given to criminal statutes. The refusal of that charge was not error since " 'it is the province of the court to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. [Cits.]' " *Griffin v. State*, 154 Ga. App. 261 (4) (267 SE2d 867) (1980). Accordingly, we find no merit in appellant's 18th enumeration of error.

15. Appellant requested three jury charges on the issue of consent. The refusal of those requests is the subject of appellant's 19th and 20th enumerations of error. There was no evidence offered at trial which raised the issue of consent. The prosecutrix testified that appellant's actions were done against her will and appellant testified that he had no sexual contact with the prosecutrix at all. Since the charges requested were not applicable to the facts of the case, there was no error in refusing them. *Stocks v. State*, 153 Ga. App. 72 (2) (264 SE2d 552) (1980).

16. Appellant's 24th enumeration concerns the trial court's refusal to give a charge taken from this court's opinion in *Ransom v. State*, 142 Ga. App. 325 (235 SE2d 748) (1977). The charge dealt with the presumption of innocence and emphasized that the defendant is not a criminal. We find no error in refusing the requested charge because the issue of the presumption of innocence was thoroughly covered in the trial court's instruction. *Brownlee v. State*, supra. In addition, the language in *Ransom* was approved as a curative instruction after the defendant was referred to as a "criminal defendant." There was no such reference to appellant during his trial and there was no need for the requested instruction.

17. The giving of a jury instruction defining rape is not error in a trial for aggravated assault with intent to rape since the intent to commit rape is an element of the offense of aggravated assault with intent to rape. *Bissell v. State*, 153 Ga. App. 564 (1) (266 SE2d 238) (1980). Consequently, appellant's 26th enumeration of error is without merit.

18. Two incriminating statements made by appellant were admitted into evidence. In its charge to the jury, the court charged extensively on the subject of confessions. Appellant contends in his 27th enumeration of error that the instruction was error since there was no confession and because the instruction intimated that there had been a confession. We disagree. The statements made by appellant could have been viewed by the jury as admissions of all the elements of the offense. Therefore, the charge was authorized by the evidence. That being so, the trial court properly left it to the jury to decide whether there had been a confession. *Griggs v. State*, 146 Ga. App. 694 (4)

(247 SE2d 219) (1978).

19. Appellant's 28th and 29th enumerations of error are essentially mooted by the reversal of the conviction. Appellant's failure to request a charge that the jury could convict him of simple assault, a charge refused by the trial court because there was no written request, may be remedied if there is a new trial. Likewise, the denial of appellant's motion for new trial does not need to be reviewed since the conviction is being reversed for the reason stated in Division 4.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 17, 1984.

*M. Francis Stubbs, Joel E. Williams, Jr.,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellee.