## 72815. PRATT v. THE STATE.
### (348 SE2d 922)

BIRDSONG, Presiding Judge.

Randolph Pratt was convicted of three counts of first degree forgery by making and uttering three checks to a bank. He was sentenced to twenty years, ten to serve consecutive to a vacated probated sentence and ten on probation consecutive to the ten years on the first count. He also was required to make restitution and pay his attorney fees. Pratt brings this appeal enumerating three alleged errors, two dealing with the charge of the court and the last contending that the evidence did not support the verdict of guilty. *Held*:

1. The facts of this case show that the victim of the forgery had sixteen checks stolen from his company payroll checkbook. The victim received a tip from an anonymous caller that several checks had been stolen and were going to be negotiated. The victim verified the loss and placed stop orders but three of the stolen checks had already been negotiated. A video tape had captured the negotiation of all three checks at the bank. Two of the checks were negotiated by the same unidentified black male. The video tape showed this male entering the bank with the appellant Pratt and waiting in line to get to a teller. The tape showed the two men conversing. The tape then showed the unidentified black male negotiating the check with Pratt standing beside him and the two men exiting the bank together. A different tape showed the same unidentified black male negotiating the other two stolen checks on the day preceding the negotiation of the third check. The video camera clearly showed the male to be the same on each day. The negotiation of the two checks was by way of a drive-in teller. The video camera recorded that there were two other unidentified black males in the car at the time. In addition to this

evidence, a handwriting expert testified without contradiction and with total certainty that the writing showing the amounts, the payee and the payor on each of the three checks had been prepared by Pratt. Lastly, Pratt had stated to a friend that a person known to Pratt had stolen some checks from the victim and that these checks had been cashed in a bank.

Pratt argues that the evidence does not establish that he negotiated the three checks in question and in fact he expressly denied any knowledge of the checks or that he was aware that the checks had been negotiated. He admitted being in the bank but claimed that he had stopped there to obtain $20 in quarters for laundry machines.

Pratt was charged with making and uttering the checks in question. The trial court properly charged on the theory of principals and authorized a finding of guilty by the jury if the jurors were satisfied beyond a reasonable doubt that Pratt had made the checks and either uttered the checks or caused another to do so or aided and abetted that person in uttering the checks. Other than a general denial of knowing about the checks, Pratt does not seriously contest the evidence of the handwriting expert that Pratt entered all the false and unauthorized writing on the face of the three questioned checks.

To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences or hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132). Questions as to reasonableness generally are to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilt is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242, 245 (223 SE2d 643); *Pless v. State*, 142 Ga. App. 594 (236 SE2d 842). We are satisfied that the evidence before the jury in this case was sufficient to convince any rational jury beyond reasonable doubt of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his first two enumerations of error, Pratt complains the trial court did not give his requested charges on proving the corpus delicti of forgery beyond reasonable doubt nor his charge on alibi so that it included specific reference to the accused's physical presence at the scene of the alleged crime. In its charge the trial court, in addition to charging on alibi, specifically charged that mere presence at the scene of the crime was not sufficient to convict. The court also charged that the jury must be satisfied beyond a reasonable doubt that the defendant himself either made and uttered the checks or caused others to do so. Thus, the substance of Pratt's requests was presented to the jury

though not in the exact language requested. It is not necessary that the jury be given the exact language requested where the same principles fairly are given to the jury in the general charge. *Burnett v. State*, 240 Ga. 681 (7) (242 SE2d 79); *Howard v. State*, 151 Ga. App. 759, 760 (261 SE2d 483). Moreover, a requested charge need not be given unless it embraces a correct and complete principle of law which has not been included in the general instructions given by the court. *Roberson v. Hart*, 148 Ga. App. 343, 345 (251 SE2d 173). Thus, a request that in order to establish the corpus delicti of a crime of forgery in the first degree, the evidence must show that the defendant personally committed the crime and show the presence of the defendant ignores that the defendant could be guilty as a principal to the crime and yet be nowhere near the place of the uttering of the check. There was ample and good reason for the court to reject the giving of the requested charges. We find no merit in these enumerations of error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 22, 1986.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Wayne G. Tillis, Assistant District Attorneys*, for appellee.