## 72838. IVEY v. THE STATE.
(349 SE2d 272)

SOGNIER, Judge.
Appellant was convicted of burglary and appeals.
1. Appellant contends the evidence is not sufficient to support

the verdict. Although appellant has presented no argument or citation of authorities on this enumeration of error, we have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. a. Appellant contends it was error to deny his request to give the following charge: "I charge you that this Defendant is not a criminal. This Defendant is presumed to be innocent until he is proven guilty and you will disregard and wipe out of your minds any implication that he stands, at this time, before you as a criminal in any way. He is an innocent man before you today, and he remains such until he is proven guilty to your satisfaction." Appellant relies upon *Ransom v. State,* 142 Ga. App. 325 (235 SE2d 748) (1977) for his contention that this requested charge was a correct statement of the law and thus, the jury was not charged fully, denying appellant his right to a fair and impartial trial. This contention is without merit.

The instruction in *Ransom* was given as a curative instruction after denial of a motion for a mistrial, made when the prosecuting attorney referred to the defendant as a "criminal defendant." The charge was not part of the court's charge to the jury before they retired to deliberate on guilt or innocence. The trial judge here charged fully and correctly on the presumption of innocence, including a statement that the defendant entered the trial with a presumption of innocence, and that the presumption remained with the defendant throughout the trial until and unless the State satisfied the jurors' minds by evidence of the defendant's guilt beyond a reasonable doubt. Hence, the charge covered the same principles requested by appellant, and the failure to give a requested charge in the exact language requested where the charge given substantially covers the same principles, is not a ground for reversal. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

b. Appellant contends the court erred by charging on "parties to a crime," because the jury might be confused and think the charge applied to the offense of theft by receiving stolen property, which is not a lesser included offense of burglary.

The court did not charge on any lesser included offense, instructing the jury only on the offense charged, namely, burglary. The court also instructed the jury that there were only two findings it could make, either guilty or not guilty of burglary. Hence, there was nothing in the charge which could mislead the jury as to lesser included offenses, and this court cannot consider factual allegations in a brief which are not supported by the transcript. *McCutchen v. State,* 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986). Accordingly, it was not error to deny appellant's motion for a new trial on the grounds discussed in this division.

3. Appellant contends the trial court erred by denying his motion for a mistrial after the State placed appellant's character in issue. This issue arose when a detective investigating the case testified that he arrested appellant at the Kennesaw Mint after receiving a call from the owner that appellant was there again (four days after the burglary) with a Masonic ring to sell. On cross-examination appellant's counsel asked the detective: "Other than your identifying the goods that were taken and having Connie Mack Berry call you, that really is the extent of the investigation at that point in time, was it not? Simply, he called and said, 'They are back here.' You went over and made the arrest. Would that be a fair statement?" The detective answered: "There was more, but it can't be brought up."

Appellant contends that because the answer was unresponsive and improperly placed his character in issue, it was error to deny his motion for a mistrial. Although appellant argues that the "implication" of the answer is irrefutable, he does not state how the answer placed appellant's character in issue. We find the answer responsive to the question as to whether identifying the stolen goods and having Berry call was the extent of the investigation at that time, since the detective stated there was more to the investigation but it could not be brought up. We find nothing in the answer which places appellant's character in issue, since the question and answer related to the extent of the detective's investigation, not to anything which appellant had said or done.

A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb the ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *Ewald v. State,* 156 Ga. App. 68, 70 (5) (274 SE2d 31) (1980). This is true even though no curative instructions were given. *O'Neal v. State,* 170 Ga. App. 637, 638 (2) (318 SE2d 66) (1984). We find no abuse of the court's discretion here.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 24, 1986.

*Charles C. Clay,* for appellant.
*Thomas J. Charron, District Attorney, Thomas A. Cole, Nancy I. Jordan, Assistant District Attorneys,* for appellee.