### 74186. DANIELS v. THE STATE.
(358 SE2d 637)

POPE, Judge.

Defendant was convicted by a jury of burglary, criminal interference with government property and giving a false name to a law enforcement officer. On appeal, defendant challenges his conviction only as to the burglary charge.

1. Defendant's first enumeration concerns a question propounded to him by the State during cross-examination. The record shows that defendant admitted entering the Kuppenheimer Distribution Center warehouse (said entry formed the basis for the burglary charge), but contended that he entered the building not to commit a theft but because he was curious to know why two men were standing and a truck was parked in front of the warehouse late at night. Defendant further testified that the men and the truck were no longer there by the time he parked his car and walked down to talk to them, and that he went inside the warehouse because he "was curious as to what was happening." The record shows that after questioning defendant at length concerning his alleged reason for being in the building, the State propounded the following question: "Mr. Daniels, is this something, this stopping at strange businesses to talk to people that you've never

seen before, who appear to be doing nothing particularly unusual, is this something that you do on a regular basis?"

Defendant enumerates as error the trial court's decision overruling defendant's objection to this question and argues the question was irrelevant. On appeal defendant also argues that the question required defendant to admit to prior behavior of a possibly criminal nature. Addressing this contention first, our review of the record clearly shows the question was part of the State's extensive cross-examination of defendant as to the truthfulness of his story concerning why he was in the warehouse that night and was not intended to elicit testimony concerning possible past criminal activity.

Moreover, the record also shows that at trial defendant objected to the question on the basis that it was irrelevant, and did not raise the argument now asserted on appeal as to the interjection of past criminal activity. "Our appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is 'irrelevant' is insufficient to show error requiring reversal. [Cits.] Furthermore, it is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.] For the foregoing reasons, this enumeration of error is without merit." *Jefferson v. State*, 157 Ga. App. 324, 325-26 (277 SE2d 317) (1981).

2. Defendant next enumerates as error the trial court's refusal to instruct the jury as follows: (Defendant's Request to Charge No. 7) "I charge you that a jury is not impanelled in a criminal case to answer the question: 'Is the defendant guilty?' The question you are to decide is: 'Has there been testimony in this courtroom which proves the guilt of the defendant beyond a reasonable doubt?' "

The record shows that the trial court's charge to the jury on reasonable doubt and as to what constitutes proper evidence for the jury's consideration, including the testimony of witnesses, was taken from the Council of Superior Court Judges Suggested Pattern Jury Instructions, Vol. 2, Criminal Law, and that the charge as given correctly states the law in this state on these two issues. "It is well established that a requested charge need not be given unless it embraces a correct and complete principle of law which has not otherwise been included in the trial court's instruction to the jury. Because the charge given is fair and complete, and substantially covers the applicable principles, we find no error in failing to give [defendant's] request to charge number [7]. [Cit.]" *Garner v. State*, 182 Ga. App. 251, 252 (355 SE2d 451) (1987). Accord *Ivey v. State*, 180 Ga. App. 407 (2) (349 SE2d 272) (1986); *Pratt v. State*, 180 Ga. App. 389 (2) (348 SE2d 922) (1986).

3. Lastly, defendant also complains of the trial court's failure to give his requested charges on the lesser included offense of criminal

trespass. Again, we find the charge given by the trial court on the lesser included offense to be sufficient. "There is no error in failing to use the exact language of a requested charge when the relevant principles are stated in the charge given. [Cit.]" *Banks v. State*, 178 Ga. App. 54, 55 (341 SE2d 859) (1986). Accordingly, this enumeration is also without merit.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Barbara B. Conroy, Assistant District Attorneys*, for appellee.