A98A0800. BURKE v. THE STATE.
(505 SE2d 528)

JOHNSON, Presiding Judge.

Patrick Burke was charged by accusation with driving under the influence to the extent he was a less safe driver and making an improper left turn. At the close of evidence, the trial court directed the jury to enter a verdict of guilty on the improper turn charge. The jury did so and also found him guilty on the DUI charge. Burke appeals from the convictions entered on the guilty verdicts.

1. Burke correctly asserts, and the state concedes, that the trial court erred in directing a verdict of guilty on the improper turn charge. The court cannot direct a jury to return a verdict of guilty no matter what the law or evidence would require. *Johnson v. State*, 223 Ga. App. 294, 295 (1) (477 SE2d 439) (1996). The judgment of conviction and sentence on the charge of improper turn is therefore reversed.

2. We are not persuaded by Burke's argument that because proof that he made an improper turn was required to prove he was a less safe driver, reversal of the improper turn conviction requires a reversal of the DUI conviction. "OCGA § 40-6-391 (a) (1) makes it unlawful for a person to drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent it is less safe for the person to drive. There is no requirement that the person actually commit an unsafe act." (Citation and punctuation omitted.) *Apperson v. State*, 225 Ga. App. 804, 805 (2) (484 SE2d 739) (1997); see *Shannon v. State*, 205 Ga. App. 831, 833 (4) (424 SE2d 51) (1992). Therefore, proof that he turned illegally was not critical to establish that he drove while under the influence of alcohol when it was less safe to do so. See *Ayers v. City of Atlanta*, 221 Ga. App. 381 (1) (471 SE2d 240) (1996) (person may be convicted of less safe driver offense though acquitted on traffic offense).

Here there was sufficient evidence, other than that introduced to establish the improper turn, to support a finding by a rational trier of fact that it was less safe for Burke to drive. The arresting officer testified that he saw Burke abruptly turn left from a right turn only lane in front of another vehicle and nearly cause an accident. The officer activated his emergency lights and siren. Burke continued

driving but eventually stopped the car. Upon approaching the car, the officer noticed an odor of alcohol on Burke's breath and that he had bloodshot and glossy eyes. Burke told the officer he had consumed one or two beers. A breath test administered at the scene indicated a positive result for alcohol. Burke failed the HGN, walk and turn, and one-legged stand tests. Burke took the stand on his own behalf and admitted that he had consumed two beers and that he turned in front of another car to make a left turn from the right lane. Whether Burke's turn was legal or illegal, his conviction of DUI was authorized by the evidence and is unaffected by the reversal of the improper turn conviction. See generally *In the Interest of C. P. M.*, 213 Ga. App. 761, 762-763 (446 SE2d 242) (1994).

3. Burke's contention that the trial court erred in refusing to give his requested charge based on OCGA § 40-6-392 (a) (1) (A) is without merit. The statute at issue deals with the admissibility of chemical test results. See OCGA § 40-6-392 (a). The determination of whether evidence should be admitted pursuant to OCGA § 40-6-392 (a) (1) (A) is never a jury question. *Gaston v. State*, 227 Ga. App. 666, 670 (490 SE2d 198) (1997). The only relevant issue for the jury was the weight to give that evidence. See *Beaman v. State*, 161 Ga. App. 129, 130-131 (3) (291 SE2d 244) (1982). The trial court did not err in refusing to instruct the jury as to the foundation requirements of the statute.

*Judgment affirmed as to driving under the influence conviction. Judgment reversed as to improper turn conviction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 6, 1998.

*Conrad & Abernathy, H. Stephen Abernathy, Eric A. Ballinger*, for appellant.

*G. Channing Ruskell, Solicitor, Barry W. Hixson, Assistant Solicitor*, for appellee.