## A00A0668. BERKOW v. THE STATE.
(534 SE2d 433)

ANDREWS, Presiding Judge.

Oliver C. Berkow was found guilty of three counts of driving a vehicle while under the influence of alcohol: (1) driving while under the influence of alcohol to the extent that it was less safe for him to do so in violation of OCGA § 40-6-391 (a) (1); (2) driving while under the age of 21 while having an alcohol concentration of 0.02 or more in violation of OCGA § 40-6-391 (k); and (3) driving while having an alcohol concentration of 0.10 grams or more in violation of OCGA § 40-6-391 (a) (5).[1]

The convictions were supported by evidence of a state-administered breath test which showed that, less than three hours after he was driving, Berkow had an alcohol concentration of 0.102 grams. Berkow claims that the test was not performed according to methods approved by the Division of Forensic Sciences (DFS) of the Georgia Bureau of Investigation (GBI), as required by OCGA § 40-6-392 (a) (1) (A), and, therefore, the trial court erred by denying his

---

[1] In entering a single sentence, the trial court merged the three counts.

motion in limine to exclude the breath test results. Specifically, Berkow claims that the State failed to observe him for a period of 20 minutes prior to the test to ensure that, during this time period, he did not regurgitate previously consumed alcohol, thereby contaminating the breath test by leaving alcohol residue in his mouth.

The evidence showed that the arresting officer arrived at the scene of a one-car accident and determined that Berkow was the driver of the overturned car. After detecting the odor of alcohol on Berkow's breath and observing his inability to successfully complete field sobriety tests, the officer arrested Berkow, read the applicable implied consent rights, and placed Berkow in the rear of his patrol car. The officer sat in the front seat of his car completing paperwork until a second officer arrived at the scene, at which point the officer exited his car and was out of Berkow's presence for not more than five minutes. The officer then returned to his car and drove Berkow directly to the police station, where he was administered the breath test. Approximately ten minutes elapsed between the time the officer returned to his car to drive to the station and the time the breath test was administered. Although the officer was with Berkow for almost an hour between the time the officer arrived at the accident scene and the time he accompanied Berkow to the breath test, Berkow contends that the five minutes he was left alone in the patrol car — only ten minutes before the breath test was administered — violated the so-called "20-minute rule" and required exclusion of the test results.

In support of his claim that the 20-minute rule was a method approved by the DFS pursuant to OCGA § 40-6-392, Berkow elicited the following cross-examination testimony from the DeKalb County detention officer who was trained and certified by the DFS to perform the breath test on Berkow:

Q Now, part of the methods approved by the Division of Forensic Sciences require that for twenty minutes prior to the test that the subject be observed; correct?
A Correct. . . .
Q And if that twenty-minute-observation period is not observed, then the test is not performed according to the methods approved by the Division of Forensic Sciences; is that correct?
A That's correct.

Based on these facts, Berkow claims that the 20-minute rule is a breath test method approved by the DFS pursuant to OCGA § 40-6-392 (a) (1) (A) and that compliance with all such approved methods is

a requirement for admission of the test results. OCGA § 40-6-392 (a) (1) (A) provides that:

> Chemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose. The Division of Forensic Sciences of the Georgia Bureau of Investigation shall approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits, along with requirements for properly operating and maintaining any testing instruments, and to issue certificates certifying that instruments have met those requirements, which certificates and permits shall be subject to termination or revocation at the discretion of the Division of Forensic Sciences.

In accordance with this statutory mandate, the GBI/DFS approved rules through the Administrative Procedure Act (APA) setting forth qualification requirements for breath test machine operators, including a requirement that the operators complete a training course in breath analysis conducted by the DFS. Ga. Comp. Rules & Regs., GBI Rule 92-3-.02 (2). By the same process, the GBI/DFS also approved techniques and methods for breath testing which set forth the approved machines which may be used to conduct the tests and which require that all breath testing on these machines shall be performed by an operator qualified and trained in accordance with Rule 92-3-.02 (2). OCGA § 40-6-392 (a) (1) (A). Rule 92-3-.06 (5), (6).

Accordingly, whenever the State seeks to prove a violation of OCGA § 40-6-391 by evidence of a chemical test, it has the burden of showing compliance with the requirements of OCGA § 40-6-392. *Munda v. State*, 172 Ga. App. 857, 858 (324 SE2d 799) (1984). In the present case, the State showed that the breath test was conducted on a machine approved by the DFS, that the operator was qualified and certified to operate the machine, and that the machine was in proper operating condition. Nevertheless, Berkow contends the State did not show compliance with the methods approved by the DFS pursuant to OCGA § 40-6-392 because the State failed to continuously observe him for 20 minutes prior to the test.

In *State v. Richardson*, 186 Ga. App. 888, 889 (368 SE2d 825) (1988), we addressed the same contention that the 20-minute rule was one of the breath-testing methods approved by the DFS and that failure to comply with the rule required exclusion of the test results. We rejected the contention on the basis that approval of testing methods must be sought through the APA, and there was no evidence the DFS had ever sought approval of such a 20-minute rule through the APA. Id. at 889; see also *Stinson v. State*, 203 Ga. App. 225, 226 (416 SE2d 765) (1992); *Rindone v. State*, 210 Ga. App. 639, 641 (437 SE2d 338) (1993). Subsequent to these decisions, the legislature enacted OCGA § 35-3-155, which provides that the DFS need not seek approval of testing methods through the APA. *Price v. State*, 269 Ga. 222, 225 (498 SE2d 262) (1998).

In light of the enactment of OCGA § 35-3-155, Berkow claims that the testimony from the DFS trained and certified operator that the 20-minute rule is an approved DFS testing method was sufficient to establish this as fact. In the absence of any effort by the State to prove to the contrary in this case, we will assume, without deciding, that the 20-minute rule is a testing method approved by the DFS pursuant to OCGA § 40-6-392 (a) (1) (A). See *Lewis v. State*, 215 Ga. App. 486, 489 (451 SE2d 116) (1994).

Nevertheless, we conclude on the present facts that the failure to continuously watch Berkow for 20 consecutive minutes prior to the breath test does not require exclusion of the test results. First, the evidence shows that the State substantially complied with the 20-minute rule. See *Rowell v. State*, 229 Ga. App. 397, 398 (494 SE2d 5) (1997). The arresting officer was with or near Berkow for almost an hour prior to the breath test, except for a brief period not exceeding five minutes when Berkow was left in the rear of the patrol car. There was no evidence that Berkow regurgitated during this period of time. Second, although an accused can always introduce evidence of the possibility of circumstances that might cause error in the test results, such evidence relates to the weight rather than the admissibility of the test results. *Lattarulo v. State*, 261 Ga. 124, 126 (401 SE2d 516) (1991).

Under the circumstances, the trial court did not err by denying Berkow's motion in limine and admitting the breath test results.

*Judgment affirmed. Ruffin and Ellington, JJ., concur in the judgment only.*

DECIDED APRIL 25, 2000 — 

*Chestney Hawkins Law Firm, Robert W. Chestney,* for appellant.

*Gwendolyn R. Keyes, Solicitor, Christopher M. Toles, Thomas E. Csider, Assistant Solicitors,* for appellee.