## A00A1554. BRUNSON v. THE STATE.
### (544 SE2d 217)

PHIPPS, Judge.

A jury found Phillip M. Brunson guilty of driving with an unlawful alcohol concentration and driving under the influence of alcohol to the extent that it was less safe for him to drive. He appeals, claiming that the trial court erred by (1) denying his motion in limine to exclude the results of the State-administered breath test, which was based on his assertion that the State failed to observe him for 20 minutes prior to administering the test to ensure that the test was not tainted by residual mouth alcohol; (2) refusing to charge the jury that, in order to be considered valid, a chemical test of a person's breath must be performed according to methods approved by the Division of Forensic Sciences (DFS) of the Georgia Bureau of Investigation (GBI) and (3) denying his motion for new trial, which was based on his first two claims of error. Finding no error, we affirm.

On June 5, 1999, at approximately 2:04 a.m., Cherokee County Deputy Sheriff Ronnie Young stopped Brunson's car for speeding. While talking with Brunson, Young detected an odor of alcohol and noticed that Brunson had red, watery eyes and appeared slightly unsteady on his feet. Brunson told Young that he had drunk a couple of glasses of wine at the airport. With Brunson's consent, Young conducted an alco-sensor evaluation and several field sobriety tests, including a horizontal gaze nystagmus test, which is designed to detect movement or twitching in the eye.

The alco-sensor test was positive for alcohol. After Brunson completed the other tests, at approximately 2:20 a.m., Young arrested

him for driving under the influence of alcohol, handcuffed him and placed him in the back of his patrol car. He read Brunson the Georgia Implied Consent Notice and asked if he would submit to a State-administered breath test. Brunson responded that "he did not know." At approximately 2:38 a.m., Young transported Brunson to the west precinct for further testing. There, Young again read Brunson the implied consent notice. Brunson then agreed to take the State-administered breath test.

.Cherokee County Deputy Sheriff Joseph Pelletier began administering the breath test to Brunson at 2:50 a.m. The test showed that Brunson had an alcohol concentration of 0.133 grams, which was in excess of the legal limit.

1. Brunson claims that the trial court erred by admitting the results of the State-administered breath test because the State failed to observe him for a period of 20 minutes prior to the test to ensure that, during those 20 minutes, he did not regurgitate previously consumed alcohol, thereby contaminating the breath test by leaving alcohol residue in his mouth.

OCGA § 40-6-392 governs the admissibility at trial of evidence of the amount of alcohol in a person's blood, urine, breath or other bodily substance, as determined by chemical analysis. For the chemical analysis to be considered valid, it must be performed according to methods approved by the DFS of the GBI.[1]

Relying on testimony admitted at trial, Brunson claims that the 20-minute observation period is a method approved by the DFS and that the State's failure to follow it rendered the results of the breath test inadmissible. On voir dire, Brunson's counsel elicited testimony from Pelletier that the methods approved by the DFS require a 20-minute waiting period immediately prior to the test. Young testified that the rule comes from a training manual and that it provides specifically that

[a]ll breath tests will be preceded by a twenty (20) minute waiting period. During this waiting period the subject must be in a controlled environment prohibited from consuming any liquid that contains alcohol and in a situation that should the subject vomit the condition would be noted.[2]

Even if we assume that the rules set forth in the training manual (which was not included in the record) are methods approved by

---

[1] OCGA § 40-6-392 (a) (1) (A).

[2] At the pretrial hearing on Brunson's motion in limine to exclude the results of the State-administered breath test, the State introduced a portion of the training manual for the Intoxilyzer 5000, which is apparently the source of the 20-minute rule.

the DFS, "the failure to continuously watch [Brunson] for 20 consecutive minutes prior to the breath test does not require exclusion of the test results."[3] The evidence shows substantial compliance with the 20-minute rule.[4] Young was with or near Brunson for more than 45 minutes prior to the breath test, leaving him only to walk back and forth from his patrol car to inventory Brunson's vehicle, obtain items Brunson requested from his car and sign the car over to the wrecker service. During the time that Young was not in Brunson's immediate presence, Brunson was sitting in the back of the patrol car with his hands cuffed behind him. There was no evidence that Brunson regurgitated during this period. We therefore find no error in the trial court's refusal to exclude the test results.

2. Brunson asserts as error the trial court's refusal to give defendant's request to charge no. 20, which was taken from OCGA § 40-6-392 (a) (1) (A): "In order to be considered valid, a chemical test of a person's breath must be performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation." Brunson claims that his sole defense on the charge of driving with an unlawful alcohol concentration was that the breath test was invalid because Young failed to follow the 20-minute waiting period approved by the DFS and, therefore, the trial court was required to give the requested instruction.

OCGA § 40-6-392 addresses the admissibility of chemical test results. "The determination of whether evidence should be admitted pursuant to OCGA § 40-6-392 (a) (1) (A) is never a jury question."[5] The only relevant issue for the jury was the appropriate weight and effect to give the evidence.[6] The trial court did not err by refusing to give the requested instruction.[7]

3. Brunson claims that the trial court erred by denying his motion for new trial and refusing to acknowledge the significance of his sole defense at trial. Based on our conclusions in Divisions 1 and 2, we find no error in the trial court's denial of Brunson's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 18, 2001 —
RECONSIDERATION DENIED MARCH 5, 2001 — 

*Chestney-Hawkins Law Firm, Robert W. Chestney, Sherry B.*

---

[3] *Berkow v. State*, 243 Ga. App. 698, 701 (534 SE2d 433) (2000).

[4] See id.

[5] (Citation omitted.) *Burke v. State*, 233 Ga. App. 778, 779 (3) (505 SE2d 528) (1998).

[6] *Beaman v. State*, 161 Ga. App. 129, 130-131 (3) (291 SE2d 244) (1982).

[7] See *Burke*, supra; *Beaman*, supra.

*Lantz,* for appellant.
 *G. Channing Ruskell, Solicitor,* for appellee.