## S00A2062. CARTER v. THE STATE.
(541 SE2d 366)

BENHAM, Chief Justice.

This appeal is from Lloyd Christopher Carter's convictions for felony murder and cruelty to a child.[1] Cristle Cook, the 16-month-old daughter of the woman with whom Carter lived, was not breathing when her mother came home from the laundromat. Cristle and another child had been left in Carter's care that evening. At the emergency room, bruises no more than two or three hours old were observed on her head. After measures to stabilize her were undertaken, Cristle was transported by ambulance to a larger hospital where she died. The cause of her death was a subdural hematoma which, according to a physician-witness, was the result of trauma. In addition, there was a wound on the child's head and retinal hemorrhages. The physician testified that the injuries were not consistent with a fall and that the child did not exhibit any blood clotting problems. A pathologist testified that the child suffered shaking or blunt force trauma or a combination of the two, and that her injuries were not consistent with any disease or blood disorder. In a statement to police, Carter admitted that he may have inadvertently struck the child with his hand while trying to "fan" her. At trial, he testified that he did not strike her, but may have touched her while fanning her. Other medical testimony established that the child had no blood disorders.

1. The evidence adduced at trial, though circumstantial, was sufficient to authorize a rational trier of fact to find Carter guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Preddie v. State*, 266 Ga. 576 (1) (468 SE2d 746) (1996).

2. In his second enumeration of error, Carter contends he was

---

[1] The crimes were committed on June 24, 1994, and Carter was indicted for two counts of felony murder and two counts of cruelty to a child on September 19, 1994. A jury trial on December 12-13, 1994, resulted in verdicts of guilty on one count each of felony murder, for which Carter was sentenced to life imprisonment, and cruelty to a child, which was vacated by operation of law as the underlying felony for felony murder. Carter filed a motion for new trial on January 13, 1995. He filed a notice of appeal on October 8, 1998, and his motion for new trial was denied by an order filed August 29, 2000. See *McLeod v. State*, 271 Ga. 455, fn. 1 (520 SE2d 692) (1999); *Livingston v. State*, 221 Ga. App. 563 (1) (472 SE2d 317) (1996). The case was docketed in this Court on September 5, 2000, and was submitted for decision on the briefs.

entitled to a new trial based on evidence discovered after his conviction. The evidence which Carter contends entitles him to a new trial was a television show which concerned a blood disorder that sometimes produces symptoms mimicking those of child abuse.

> As set forth in *Timberlake* [*v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980)], on motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to deny a motion for new trial.

*Young v. State*, 269 Ga. 490, 492, fn. 5 (500 SE2d 583) (1998).

Carter's proffered newly-discovered evidence fails to satisfy the third requirement set out in *Young*: it was not shown to be so material that it would probably produce a different result. Nothing in the proffered evidence suggested that the victim in this case suffered from the disorder discussed in the television show. Without such a connection to the victim, the evidence was not material to the issues in this case. Accordingly, the trial court did not err in denying Carter's motion for new trial on that ground.

3. Finally, Carter contends that an improper communication by the trial court to the jury requires reversal of his conviction. The record is silent regarding whether the parties consented to the trial court talking to the jury in the absence of the parties. Carter states in his brief that the deliberating jury sent out a written question, the contents of which are not in the record, and that the trial court went to the jury room with the agreement of the parties to tell the jury to continue deliberation. However, the transcript of the ensuing conversation between the trial court and the jurors shows that the trial court went outside the bounds of that agreement. When asked whether a count of the indictment on which the jury had not reached agreement would be tried again if they did not reach a verdict, the trial court said that it would not be tried again.

This Court addressed this issue of trial courts communicating with juries in *Hanifa v. State*, 269 Ga. 797 (6) (505 SE2d 731) (1998):

> Within the Georgia constitutional right to the courts is a criminal defendant's "right to be present, and see and hear,

all the proceedings which are had against him on the trial before the Court." A colloquy between the trial judge and the jury is a part of the proceedings to which the defendant and counsel are entitled to be present. Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial. We state again: all communications with the jury are to be discouraged except in open court with all persons present.

(Citations, punctuation, and footnotes omitted.)

The character of the communication in the present case does not show that it could not have been prejudicial to Carter. On the contrary, telling the jurors that a defendant will not be tried again on a specific count if this jury does not reach a verdict is inherently coercive, suggesting as it does that the defendant will go free if not convicted by this jury. Compare *Logan v. State*, 266 Ga. 566 (2) (468 SE2d 755) (1986). In *Howard v. State*, 218 Ga. App. 346 (1) (461 SE2d 274) (1995), where the jury was told, "it's with you, and that's all there is to it," the comment was held to be equivalent to requiring the jury to reach a verdict one way or another, and the conviction was reversed. The same principle must be applied here. Since the trial court's communication to the jury in this case could have been prejudicial to Carter, the presumption of prejudice mentioned in *Hanifa*, supra, has not been overcome.

Citing *Edwards v. State*, 188 Ga. App. 667 (9) (374 SE2d 97) (1988), the State suggests that since Carter did not object to the trial court's communication prior to the return of the verdict, he cannot now object. However, the record does not show that Carter knew of the trial court's unauthorized colloquy with the jury, so the error was not waived. *Pennie v. State*, 271 Ga. 419 (520 SE2d 448) (1999).

Because the content of the trial court's conversation with the jury was not such as to overcome the presumption of error which arose from the fact of the conversation, Carter is entitled to a new trial. *Howard v. State*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED FEBRUARY 16, 2001.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney, Ruth M. Bebko, Assistant Attorney General,* for appellee.