## S03A0364. CARTER v. THE STATE.
### (577 SE2d 787)

BENHAM, Justice.

Appellant Lloyd Christopher Carter appeals from his conviction for felony murder, with the underlying felony being cruelty to a child, in connection with the death of Christle Cook, the 16-month-old daughter of the woman with whom appellant was living at the time of the child's death.[1] On appeal, appellant's sole enumeration of error is his contention that the evidence was not sufficient to authorize his conviction.

Christle Cook died on June 27, 1994, as a result of a subdural hematoma. Hospital and emergency personnel who treated the child testified she had bruises on her forehead. The forensic pathologist who performed an autopsy on the child's body testified that the four distinct bruises to the head were not the result of an accident. Another forensic pathologist testified that the child suffered retinal detachment and hemorrhaging, and that her forehead contusions were consistent with having been struck or having fallen. A treating physician testified that the retinal injuries were indicative of "significant force" having been applied to the victim's head. Another expert believed the damage to be the result of severe blows to the head or from having been shaken severely. An expert opined that the bruising was not consistent with hemolytic disease, as the latter would have resulted in more hemorrhaging in the legs and arms. Appellant and the victim's aunt both testified that appellant was left alone with the child and a toddler for the two hours immediately preceding the mother's discovery of her unconscious child. Appellant told a GBI agent that he might have "popped" the child and might have hit her too hard while she lay in her crib on June 24.

---

[1] The child was discovered unconscious on June 24, 1994, and died three days later. Appellant was indicted for felony murder/cruelty to a child and cruelty to a child in September 1994. He was convicted of and sentenced for felony murder in a trial that took place in December 1994, but that conviction was reversed by this Court in January 2001. *Carter v. State*, 273 Ga. 428 (541 SE2d 366) (2001). Appellant was re-tried during the September 2001 term of court, and the jury returned a guilty verdict on February 26, 2002. His sentence of life imprisonment was filed the following day, and his notice of appeal was filed March 27, 2002. The appeal was docketed in this Court on November 13, 2002, and submitted for decision on the briefs.

Appellant contends the evidence was circumstantial and failed to exclude all reasonable hypotheses save that of appellant's guilt. See OCGA § 24-4-6. He asserts that the child had an undiagnosed medical condition that caused her symptoms.[2] Questions as to the reasonableness of hypotheses are generally decided by the jury and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, we will not disturb that finding unless it is insupportable as a matter of law. *Robbins v. State*, 269 Ga. 500 (1) (499 SE2d 323) (1998). Inasmuch as the evidence presented to the jury was sufficient to authorize a rational factfinder to conclude beyond a reasonable doubt that the child's death was caused by appellant's commission of the crime of cruelty to a child, we affirm the judgment of conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2003.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Joseph K. Mulholland, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Jason C. Fisher, Assistant Attorneys General*, for appellee.

---

[2] The trial transcript reflects that expert testimony repeatedly rejected the premise that the child's forehead contusions, subdural hematoma, and retinal detachment and hemorrhaging were the result of a skin rash, a "factor 10 deficiency," or other hemolytic disease.