**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 26, 2013**

# In the Court of Appeals of Georgia

A13A1084. BAILEY v. THE STATE.

ANDREWS, Presiding Judge.

A Fulton County jury found Christopher Bailey guilty of driving under the influence of alcohol with an unlawful blood alcohol concentration in violation of OCGA § 40-6-391 (a) (5).[1] On appeal from his judgment of conviction, Bailey contends that the trial court erred in charging the jury and in failing to grant a mistrial after the bailiff improperly communicated with the jury. We agree with Bailey that the trial court erred in charging the jury, and reverse.

1. Bailey contends that the trial court erred in charging the jury as follows:

---

[1] The jury found Bailey not guilty of driving under the influence of alcohol to the extent that it was less safe to drive. See OCGA § 40-6-391 (a) (1).

Now, ladies and gentlemen, I'm going to give you the law as it relates to the inspection of the Intoxilyzer 500[0]. A chemical analysis of a person's breath *shall be considered valid under Georgia law* if it has been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all of its electronic and operating components described by its manufacturer properly attached in a good working order and by an individual possessing a valid permit issued by the Division of Forensic Services for the Sciences for this purpose.

(Emphasis supplied.) After the trial court instructed the jury, it asked the parties for exceptions. Bailey objected to the foregoing charge and complained that the instruction improperly shifted the burden of proof in that "[t]he jury was told that the State's test had a conclusive presumption of validity." Bailey then moved for a mistrial. The trial court acknowledged that Bailey had preserved his objection to the charge and then denied his motion.

Bailey contends, and we agree, that the issue is controlled by *Muir v. State*, 248 Ga. App. 49 (545 SE2d 176) (2001). The language of the charge in this case, as in *Muir*,[2] was generally derived from OCGA § 40-6-392 (a) (1) (A), which "deals with

---

[2] The charge at issue in *Muir* provided:
I charge you, ladies and gentleman, that a chemical analysis of a person's blood, urine, breath or other bodily substance shall be

the admissibility of chemical test results." *Burke v. State*, 233 Ga. App. 778, 779 (3)

(505 SE2d 528) (1998). As given, the charge "impl[ied] that the analysis or result for

a particular individual 'shall be considered valid,'"[3] and "mandated that the jury find

valid the test results showing that [Bailey's] blood alcohol level exceeded the legal

limit." *Muir*, 248 Ga. App. at 52 (1) (a), (b). Compare *Dougherty v. State*, 259 Ga.

App. 618, 621-622 (1) (c) (578 SE2d 256) (2003) (although breathalyzer results may

> considered valid if their analysis was performed according to the methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation, and by individuals possessing a valid permit issued by the Division of Forensic Sciences for this purpose. And if the arresting officer at the time of the arrest advised the person arrested of her right to an additional chemical test or tests of her blood, urine, breath, or other bodily substance.

(Emphasis omitted.) Id. at 50 (1).

[3] In contrast, OCGA § 40-6-392 (a) (1) (A) provides, in relevant part, that "[c]hemical analysis of the person's . . . breath . . . to be considered *valid under this Code section*, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation." (emphasis supplied). The statute places OCGA § 40-6-392 (a) (1) (A) within the context of OCGA § 40-6-392 (a) ("evidence of the amount of alcohol . . . in a person's . . . breath . . . as determined by a chemical analysis of the person's . . . breath . . . shall be admissible."). The trial court's charge begins by reading language generally corresponding to OCGA § 40-6-392 (a) (1) (A), without explanation other than "it relates to the inspection of the Intoxilyzer."

be properly admitted, "[a] defendant remains free to challenge the weight and credibility of that evidence before the [factfinder]") (footnote omitted); *Burke*, 233 Ga. App. at 779 (3) (the weight to be given chemical test results is for the jury). Accordingly, as in *Muir*, we find the trial court's charge both erroneous and harmful.[4]

The State concedes that the charge at issue in *Muir* involved "nearly identical wording." The State suggests, however, that Bailey acquiesced to the charge as given and so any error was induced by the conduct of his trial attorney.[5] We disagree. On appeal "[o]ne cannot complain of a result he procured or aided in causing, and induced error is not an appropriate basis for claiming prejudice." *Borders v. State*, 285 Ga. App. 337, 340-341 (2) (646 SE2d 319) (2007) (punctuation omitted). Thus,

---

[4] Bailey also contends that the trial court erred when, at the jury's request, the trial court recharged the law of DUI per se, and it again charged the law of OCGA § 40-6-392, to which Bailey again objected. Inasmuch as the recharge did not cure the error in the first charge, we need not consider if the second charge compounded the error. Compare *Land v. Ricks*, 288 Ga. App. 497, 503 (3) (654 SE2d 643) (2007).

[5] The State also contends that in *Muir*, this Court "made a Constitutional rendition with regard to a Georgia law" and that "[s]ince the Court of Appeals is not empowered by the Georgia Constitution to make such analysis, the holding of that case should be seen as a nullity by any reviewing courts of this state." See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). But, *Muir* says nothing about the constitutionality of OCGA § 40-6-392 (a) (1) (A), only that it was error to give the charge at issue. Similarly, we make no pronouncements as to the constitutionality of a Georgia law here.

4

for example, we have found that a defendant cannot make a written request to charge and then claim on appeal that the requested charge was erroneous and requires reversal. *Pincherli v. State*, 295 Ga. App. 408, 414 (3) (a) (671 SE2d 891) (2008).

In this case, it does not appear that Bailey was the source of the erroneous charge. A discussion between defense counsel and the trial court shows that the trial court "indicated that [it was] going to give the law under [OCGA §] 40-6-392" during an off-the-record bench conference following defense counsel's closing argument. Defense counsel did not then object, but it is not necessarily error for a trial court to give an instruction that touches on the foundational requirements for the admission of the chemical analysis of a person's breath under OCGA § 40-6-392. See *Goethe v. State*, 294 Ga. App. 232, 233-234 (1) (668 SE2d 859) (2008) (finding that it was not error to charge the jury with an "accurate reflection of the law," citing OCGA § 40-6-392 (a) (1) (A)).[6] After the trial court gave the actual instruction, however,

[6] The charge at issue in *Goethe* did not contain the language which formed the basis of Bailey's objection here. Id. at 233 (1). Rather, the permissible instruction "essentially informed the jury that the person administering the test has received some level of training, for which a permit is issued; and that possession of such a permit does not imply that the operator is somehow an expert on the science applied to the machine's functioning, nor is the operator required to be such an expert to administer a breath test using this machine." Id. at 234 (1).

defense counsel made an appropriate objection. We cannot conclude that the trial court's error in charging the jury was induced by defense counsel.

2. During deliberations, the jury asked the bailiff if their verdict had to be unanimous and he responded, yes. See, e.g., *Lindsey v. State*, 277 Ga. App. 18, 20 (625 SE2d 431) (2005) (finding that "[w]here the bailiff's communication with the jury is, in effect, a supplemental charge, it is a communication which should have been delivered to the jury by the trial judge in open court"). After Bailey claimed that this was an improper communication, the trial court instructed the jury that "all charges of law and all instructions regarding the law come from me." Notwithstanding the curative instruction, Bailey moved for a mistrial, which the trial court denied. Pretermitting whether the trial court erred in doing so, it is unlikely that this issue will reoccur on retrial, and we decline to address it here. See *Benton v. State*, 265 Ga. 648, 650 (6) (461 SE2d 202) (1995).

*Judgment reversed. Dillard and McMillian, JJ., concur.*