## 75830. THE STATE v. RICHARDSON.
### (368 SE2d 825)

CARLEY, Judge.

An accusation was filed which charged appellee with two counts of driving under the influence and one count of stopping unlawfully on a roadway. Appellee filed a pre-trial motion to suppress the results of an intoximeter test which had been made of his breath. In his motion, appellee asserted that, under applicable administrative rules, the results of his intoximeter test were invalid because the test had been administered less than twenty minutes after his arrest. At the hearing on the motion, a witness for appellee testified as to the existence of an "unwritten" twenty-minute rule, the purpose of which was the prevention of obtaining intoximeter test results which reflected the amount of alcohol residue in the mouth of the arrestee rather than the alcohol level of his blood. The trial court found that the intoximeter examination of appellee's breath had not been administered in accordance with the "twenty-minute rule" and, on that basis, granted appellee's motion to suppress the results. The State appeals from the

trial court's order granting appellee's motion to suppress. See OCGA § 5-7-1 (4); *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984).

1. The statutory provision applicable to the chemical analysis of an individual's breath provides, in relevant part, as follows: "Upon the trial of any . . . criminal action . . . arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, evidence of the amount of alcohol . . . in a person's blood *at the alleged time*, as determined by a chemical analysis of the person's . . . breath . . . shall be admissible. Where such a chemical test is made, the following provisions shall apply: (1) Chemical analysis of the person's . . . breath, . . . to be considered valid under this Code section, shall have been performed according to methods *approved by the Division of Forensic Sciences* of the Georgia Bureau of Investigation. . . ." (Emphasis supplied.) OCGA § 40-6-392 (a) (1).

Thus, from the terms of the applicable statute, it is clear that the chemical test of an arrestee's breath is intended to reflect his blood alcohol level at the "alleged time" that he was driving under the influence, not at some later time. The statute also makes clear that the test is to be conducted in accordance with methods which have been administratively approved, not in accordance with any other "approved" methods. If the Division of Forensic Sciences of the Georgia Bureau of Investigation had deemed adherence to a "twenty-minute rule" to be necessary to the obtaining of an accurate intoximeter analysis of a testee's blood alcohol level at the "alleged time," that administrative body would presumably have officially promulgated such a rule. There is no evidence that such a "twenty-minute" rule has ever been administratively approved. The witness who testified in the case as to the existence of an unwritten "twenty-minute rule" was qualified as an expert. His expert *opinion* as to how an intoximeter test should be conducted is not, however, the equivalent of a statement of *objective methods* which, in accordance with the applicable statute, have been administratively promulgated.

Accordingly, the trial court erred in predicating its suppression of the results of the intoximeter test of appellee's breath upon the so called "twenty-minute rule." If appellee was not willing to have the determination of his blood alcohol level "at the alleged time" rest exclusively upon the results of the State's intoximeter examination, he was free to have a qualified person of his own choosing administer an additional test. See OCGA § 40-6-392 (a) (3). He is not entitled, however, to have suppressed from evidence the results of an intoximeter test which was shown to have been conducted within twenty minutes of the "alleged time" and in accordance with all administratively approved methods.

2. The State's remaining enumeration of error is moot as a result of our holding in Division 1.

*Judgment reversed. Deen, P. J., and Sognier, J., concur*

DECIDED APRIL 21, 1988.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Janet L. Weitz, Assistant Solicitors*, for appellant.
*Charles V. Gandy, Jr.*, for appellee.