## A90A0299. BRANNAN v. THE STATE.
(394 SE2d 562)

Carley, Chief Judge.

Appellant was tried before a jury and found guilty of driving under the influence in violation of OCGA § 40-6-391 (a) (4). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The enumeration of error which addresses the trial court's denial of a motion to quash the accusation is controlled adversely to

appellant's contentions by the holding in *Fletcher v. State*, 157 Ga. App. 707 (2) (278 SE2d 444) (1981).

2. The trial court's denial of appellant's motion in limine to exclude the results of an intoximeter test of his breath is enumerated as error. We note at the outset that our consideration of this enumeration is confined to the evidence that was adduced in the hearing on the motion in limine and that such evidence as may have been adduced during the subsequent trial will not be considered.

Contrary to appellant's assertions, the evidence adduced in the hearing on the motion in limine did *not* show that he had requested, but was denied the opportunity to have an additional test conducted by a qualified person of his own choosing. The evidence showed *only* that appellant had requested that the officer conduct another intoximeter test and that, although the officer had agreed to do so, appellant never availed himself of the opportunity to be retested.

With regard to appellant's challenge to the reliability of the results of the test, his expert's testimony on that issue was irrelevant in the context of the motion in limine. The admissibility of test results is controlled by the provisions of OCGA § 40-6-392, and, so long as a test has been conducted in compliance with those statutory provisions, an expert's opinion which questions the reliability of the results of that test would have no bearing on the *admissibility* of those results into evidence. *State v. Richardson*, 186 Ga. App. 888 (368 SE2d 825) (1988). A review of the hearing on appellant's motion in limine clearly shows that the trial court did not err in denying the motion. See generally *Fletcher v. State*, supra at 707 (1).

3. The results of the intoximeter test showed that appellant's blood-alcohol level was 0.18 percent. The credibility of the attack by appellant's expert upon the reliability of these results was for the jury. See *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644) (1989). Compare *State v. Richardson*, supra. The evidence, viewed most favorably for the State, was more than sufficient to authorize a rational trior of fact to find that appellant had violated OCGA § 40-6-391 (a) (4) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, appellant's enumeration of the general grounds is without merit.

4. The trial court did not err in charging the jury on the definition of "alcohol concentration" contained in OCGA § 40-1-1 (1). Appellant was charged with a crime wherein the "alcohol concentration" of his blood was an element of the offense. Accordingly, the trial court was certainly authorized to charge the jury on the statutory definition of "alcohol concentration." See generally *Blount v. State*, 172 Ga. App. 120, 126 (17) (322 SE2d 323) (1984).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 1, 1990 —
REHEARING DENIED MAY 22, 1990 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.
*Daniel W. Lee, Solicitor,* for appellee.