S90G1212. BRANNAN v. THE STATE.
(401 SE2d 269)

SMITH, Presiding Justice.

The appellant, William Earl Brannan, was convicted of driving under the influence of alcohol in the State Court of Troup County on June 22, 1989. Prior to trial Mr. Brannan filed a motion to suppress and a motion in limine seeking to prevent the state from introducing the results of a test of his blood-alcohol content conducted on an Intoximeter 3000 breathalyzer machine. The test results showed that Mr. Brannan had a blood-alcohol level of 0.18 grams. The trial court denied Mr. Brannan's motion to suppress and motion in limine and permitted the state to introduce the intoximeter results. Subsequently, Mr. Brannan was found guilty of violating OCGA § 40-6-391 (a) (4). The Court of Appeals granted certiorari and affirmed the conviction. *Brannan v. State*, 195 Ga. App. 709 (394 SE2d 562) (1990). We granted certiorari in this case to consider the following question:

Whether the admissibility of breathalyzer test results is controlled solely by OCGA § 40-6-392, so that, as long as a test has been conducted in compliance with that statute, a defendant is precluded from attacking the admissibility of the test based on a challenge to the scientific reliability of the result?

We find that the admissibility of breathalyzer test results is controlled solely by OCGA § 40-6-392, and we affirm.

1. Mr. Brannan asserts that the trial court erred in denying his motion to suppress and his motion in limine. Central to Mr. Brannan's assertions are allegations that breathalyzer results are scientifically unreliable, and that the Intoximeter 3000, as currently used in Georgia, has not been properly approved under OCGA § 40-6-392. These allegations are controlled by *Lattarulo v. State*, 261 Ga. 124 (401 SE2d 516) (1991), and we find no error in the denial of Mr. Brannan's motions.

2. Mr. Brannan challenges the trial court's instruction to the jury on the definition of blood-alcohol concentration, asserting that the instruction unconstitutionally shifts the burden of proof from the state to himself. We disagree. The jury instruction is derived from OCGA § 40-1-1 (1) and serves as a legal definition of the term "alcohol concentration." This is a permissible purpose where an accused is charged with an offense in which "alcohol concentration" of the blood is an element. See generally *Blount v. State*, 172 Ga. App. 120, 126 (17) (322 SE2d 323) (1984).

3. Mr. Brannan asserts that the trial court erred in denying his request for a directed verdict. We find that the evidence adduced at trial was sufficient for any rational trier of fact to have found Mr. Brannan guilty beyond a reasonable doubt, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the trial court acted properly in denying Mr. Brannan's motion for directed verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III,* for appellant.

*Lewis, Taylor & Lee, Daniel W. Lee,* for appellee.

*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General, Spruell & Dubuc, Billy L. Spruell, Brian M. Dubuc, John R. Martin,* amici curiae.