### A91A2123. STINSON v. THE STATE.
(416 SE2d 765)

BEASLEY, Judge.

Stinson appeals his convictions for operating a vehicle while having a blood alcohol concentration of 0.12 grams or more, former OCGA § 40-6-391 (a) (4), and operating a vehicle with a defective headlight, OCGA § 40-8-20.

Defendant was stopped at 11:26 p.m. by a Georgia State trooper, who observed that one of the headlights on the vehicle he was operating was not illuminated. Defendant exited his car and walked to the patrol car parked behind his. The trooper observed him to be unsteady on his feet and detected a strong odor of alcoholic beverage about him. An Alcosensor test proved positive. Defendant was arrested, implied consent warnings were given, and he was transported to the sheriff's office. At 12:15 a.m., he took an Intoximeter 3000 test which registered 0.12 grams. Approximately five to ten minutes later, a duplicate test was administered at defendant's request, revealing identical results.

1. It was not error to deny defendant's pretrial motion to independently examine and test the Intoximeter 3000 computer program. Independent testing of the machine could not establish that defendant's results were inaccurate since the original testing conditions, including defendant's physical state, could not have been duplicated. *Blanos v. State*, 192 Ga. App. 835, 836 (1) (386 SE2d 714) (1989). Although "[a]n accused may always introduce evidence of the possibility of error or circumstances that might have caused the machine to malfunction," *Lattarulo v. State*, 261 Ga. 124, 126 (401 SE2d 516) (1991), defendant was not denied that right by the court's refusal to allow him to test the machine.

2. Defendant asserts the court erred in denying his motion in limine seeking to prevent the State from introducing the results of the tests performed on the Intoximeter 3000 machine for failure to satisfy the foundation requirements of OCGA § 40-6-392 (a) (1). "[T]he admissibility of breathalyzer test results is controlled solely by OCGA § 40-6-392 . . . ," *Brannan v. State*, 261 Ga. 128, 129 (401 SE2d 269) (1991), which statute requires that chemical analysis be "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose." OCGA § 40-6-392 (a) (1).

The officer who administered the tests was authorized by the

State of Georgia to perform chemical analyses utilizing the Intoximeter Breath Analyzer 3000 machine. His certification permit was admitted into evidence without objection. He testified that the machine was "fully operational" prior to testing defendant. OCGA § 40-6-392 (a) (3) was satisfied. *Brannan*, supra; *Fowler v. State*, 200 Ga. App. 505 (408 SE2d 449) (1991).

3. The test results were not excludable, as asserted by defendant, because the examiner failed to wait 20 minutes between defendant's arrest and the first test and then again by not waiting 20 minutes between the first and second test. Defendant offers no authority for this proposition. See *State v. Richardson*, 186 Ga. App. 888, 889 (1) (368 SE2d 825) (1988), which discusses "the so-called 'twenty-minute rule.'" The record nevertheless reveals that at least 45 minutes had elapsed between the traffic stop and the first test. As to the second test, defendant presents no rationale for excluding the results for failing to require a second delay of 20 minutes prior to administering this test, which was done at defendant's request.

Admission of the test results does not unconstitutionally shift the burden of proof from the State to the defendant. *Brannan*, supra at 129 (2).

4. In the absence of an objection below, we do not reach the argument that the accusation was fatally defective because it failed to specify the manner in which OCGA § 40-6-391 was violated. Moreover, the defendant made an evidence-based motion for directed verdict on all four subsections, and the State pointed out that the words of the accusation excluded subsections (a) (2) and (a) (3) by charging only alcohol. The State conceded at that time that it was traveling solely under subsection (a) (4) of OCGA § 40-6-391. The evidence was sufficient to support a verdict of guilty of that specific offense.

5. Defendant asserts that his sentence is erroneous insofar as he was required to surrender his driver's license under OCGA § 40-5-67 (c) (1) because that Code section became effective subsequent to the date of his offense. Any such error in sentencing was rendered harmless by the fact that the law in effect at the time of the commission of the crime, former OCGA § 40-5-69, Ga. L. 1983, p. 1000, § 1, also mandated the surrender of a driver's license upon conviction of violating OCGA § 40-6-391.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 19, 1992 —
RECONSIDERATION DENIED MARCH 6, 1992 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Anne C. Allen,* for appellant.

*Donald W. Huskins, Solicitor*, for appellee.