## A05A0950. POSTON v. THE STATE.
(617 SE2d 150)

BLACKBURN, Presiding Judge.

Following his conviction of possession by ingestion of methamphetamine,[1] and the denial of his motion for new trial, Donald Poston appeals, arguing that the evidence was insufficient to support his convictions and that he received ineffective assistance of counsel. For the reasons which follow, we affirm.

1. Poston contends that the evidence was insufficient to support his conviction.

> Regarding sufficiency of the evidence, the standard of review is clear: On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[2] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Kelly v. State.*[3]

Viewed in the light most favorable to the jury's verdict, the evidence shows that, on September 6, 2002, Poston reported to his supervising probation officer and, at her request, submitted to a urine drug screen test. Because a preliminary test of the urine was positive for amphetamines, the urine sample was forwarded to the State crime lab. A gas chromatography/mass spectrometry test performed

---

[1] OCGA § 16-13-30.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Kelly v. State,* 255 Ga. App. 813 (1) (567 SE2d 36) (2002).

on the sample by the State forensic toxicologist confirmed that methamphetamine was present in Poston's urine sample. This evidence was sufficient to support Poston's conviction of possession by ingestion of methamphetamine.

Poston argues that the evidence was insufficient because the testimony of his expert witness, a forensic toxicologist with a private clinical reference laboratory, called into question the validity of the State crime lab report. There is no merit to this argument. The determination of the credibility of Poston's expert and the effect of his testimony on the validity of the State crime lab report were for the jury. *Brannan v. State*[4] ("[t]he credibility of the attack by [the] appellant's expert upon the reliability of these [intoximeter test] results was for the jury").

2. Poston next argues that he received ineffective assistance of counsel because his trial counsel failed to lay a proper foundation for the admittance into evidence of a second drug test of his urine done by a private lab. To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the first possible stage of post-conviction review or the issue is waived. See *McGlohon v. State*.[5] Poston's current appellate counsel was appointed after Poston's motion for new trial was denied and after his notice of appeal was filed. Thus, new appellate counsel did not have the opportunity to raise this ineffective assistance issue before the trial court.

> Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, we remand the case to the trial court for an evidentiary hearing on the issue. Remand is not mandated, however, if we can determine from the record that [Poston] cannot satisfy the two-prong test set forth in *Strickland v. Washington*.[6]

(Citation and punctuation omitted.) *Grier v. State*.[7]

Under *Strickland v. Washington*,

> [t]he burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's

---

[4] *Brannan v. State*, 195 Ga. App. 709, 710 (3) (394 SE2d 562) (1990).

[5] *McGlohon v. State*, 228 Ga. App. 726, 728 (3) (492 SE2d 715) (1997).

[6] *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Grier v. State*, 262 Ga. App. 777, 781 (3) (586 SE2d 448) (2003).

deficient performance, there is a reasonable probability that the outcome of the trial would have been different.

*Wallace v. State*.[8] We do not believe that Poston can satisfy either prong of this test.

Poston maintains that the result of the independent drug test was different from the test done by the State and opines that, if the jury had been able to see that two different tests done on the same day had different results, "the verdict of the jury could have been in favor of Appellant." But, Poston does not contend, as he undoubtedly would have if he could have done so, that the result of the independent drug test was negative. His contention, therefore, that the verdict of the jury might have been in his favor if the jury had known that the result of the independent drug test was merely different from the result of the State test is mere speculation. Without a positive assertion that the independent drug test would have shown that controlled substances were not present in his system, he "cannot meet his burden of affirmatively showing how trial counsel's failure affected the outcome of his case." *Turner v. State*.[9]

In addition, we do not think that Poston's trial counsel rendered ineffective assistance because we doubt that a proper foundation could have been laid by counsel for admission of the independent drug test.

> In order to render admissible testimony concerning expert analysis of an essentially fungible item such as a blood sample or a drug, the prosecution must have various persons who had custody of the item testify to their receipt and retention of the substance until delivery to some other person. This is referred to as the chain-of-custody requirement, and its purpose is, of course, to ensure that the drug or blood sample is in fact that taken from the person in question.

(Punctuation omitted.) *Beck v. State*.[10]

In this case, the independent drug test was done by Quest Diagnostics, a private clinical reference laboratory which does urine tests for employment purposes. The collection and testing of urine samples by Quest Diagnostics is not done in compliance with the procedures which establish a chain of custody and ensure the integrity of evidence to be used in a criminal trial. Indeed, a forensic

---

[8] *Wallace v. State*, 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000).
[9] *Turner v. State*, 253 Ga. App. 760, 764 (6) (560 SE2d 539) (2002).
[10] *Beck v. State*, 216 Ga. App. 532, 536 (2) (455 SE2d 110) (1995).

toxicologist from Quest Diagnostics testified at trial that he had no knowledge of the procedures followed by the State crime lab to preserve the integrity of evidence.

In this case, the urine sample was given by Poston at a doctor's office. Though the court granted Poston a continuance to produce someone from the doctor's office who saw the specimen given and could establish a chain of custody, Poston was unable to produce such a person. Further, a female employee signed off on the Quest Diagnostics lab document produced at trial and there was no evidence that she observed Poston, a male, give the sample. Under these circumstances, we doubt that it was possible for the chain of custody to be established in the first place. In light of the probable impossibility of the task, we cannot say that the performance of Poston's trial counsel was deficient.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 29, 2005.

*Mary F. McCord, Kelley A. Dial, Jennifer R. Ennerberg*, for appellant.

*T. Joseph Campbell, District Attorney, Gregory S. Dickson, Assistant District Attorney*, for appellee.