A07A0852. INGRAM v. THE STATE.
(650 SE2d 743)

SMITH, Presiding Judge.

Tommy Ingram was found guilty on two counts of the sale of crack cocaine. His amended motion for new trial was denied, and he appeals, asserting five enumerations of error. Finding no error, we affirm.

1. In two enumerations of error, Ingram asserts the general grounds. Construed to support the jury's verdict, the evidence shows that on two occasions Ingram sold crack cocaine to a confidential informant, who testified at trial that Ingram was the individual who sold her the cocaine. The confidential informant was checked by a police officer before and after the sale. The sales were recorded on a videotape, which was played for the jury. A forensic chemist testified and identified the substance sold to the informant as cocaine. This

---

evidence is ample to sustain the jury's verdict under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Ingram also contends that no evidence was presented with regard to the calibration of the testing equipment, the date of testing, or the chain of custody for the samples, and that the forensic chemist did not testify as to the tests performed on the substance seized. But these contentions are wholly inaccurate. The forensic chemist testified to the analysis she performed. In addition, both the arresting officer and the forensic chemist testified to the chain of custody, and the forensic chemist testified that the testing equipment was calibrated every morning and removed from service if any problem was found. Moreover, an attack on the reliability of drug test results is for the jury. *Poston v. State*, 274 Ga. App. 117, 118 (1) (617 SE2d 150) (2005). This enumeration of error is without merit.

2. Ingram complains that the trial court improperly injected itself into the proceedings by allowing the State a ten-minute recess to review a point of law and by offering to allow a recess for the State to subpoena a missing file. He contends that by doing so the trial court did not remain neutral, citing *Craft v. State*, 274 Ga. App. 410 (618 SE2d 104) (2005) (physical precedent only), and *Ford v. State*, 2 Ga. App. 834 (59 SE 88) (1907). Neither case, however, is apposite here. Both disapprove of the trial court expressing or intimating an opinion as to facts proved or the guilt of the accused, as forbidden by OCGA § 17-8-57.[1] That Code section's scope, however, is confined to matters occurring before the jury. *Smith v. State*, 236 Ga. App. 122, 124-125 (3) (511 SE2d 223) (1999).

Here, in contrast, all discussion took place out of the presence of the jury. Moreover, as the trial court noted, it likewise gave the defense a brief recess in order to interview a witness, cautioned defense counsel that he was "opening the door" with a witness, and stopped the proceedings to allow a witness to be interviewed by defense counsel. The trial court, outside the presence of the jury, impartially offered both prosecution and defense opportunities to present their evidence in a manner that would best give legally admissible, efficient, and comprehensible testimony to the jury. As the trial court stated, "I'm trying to get to a just result here," "to make sure there's a fair trial." The trial court's efforts to ensure orderly and legally correct presentations by both parties were praiseworthy, not error.

---

[1] *Craft* cites the Code section itself, 274 Ga. App. at 411 (1); while *Ford* does not, it plainly references "the statute forbidding the intimation of opinion on the facts." 2 Ga. App. at 838; see Penal Code 1895, § 1032.

3. Ingram next contends the trial court erred in denying his motion for a continuance to investigate the background of the confidential informant, whose identity was not revealed to him until five days before trial instead of the ten days required by OCGA § 17-16-8 (a). On Friday, September 24, the identity of the confidential informant was revealed to Ingram's counsel. On Monday, September 27, he filed a written motion to exclude the evidence on the basis of the State's untimely disclosure; in the alternative he requested the case be continued to the following Monday. At the hearing on the motion, held the same day, the trial court denied the motion, stating that the "speedy trial demand undoes those things. You don't have all those time limit safeguards." The trial began on Wednesday, September 29.

We first observe that the trial court's stated reason for denying the motion was overbroad. It is true that "a defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." (Citation and punctuation omitted.) *Cobb v. State*, 275 Ga. App. 554, 556 (2) (621 SE2d 548) (2005). But a "brief continuance" does not waive a speedy trial demand when the court still could have tried the case within the time required. *Clark v. State*, 259 Ga. App. 573, 576, n. 13 (578 SE2d 184) (2003).

The Fayette County Superior Court has two terms, one beginning on the first Monday in March and the other on the second Monday in September. OCGA § 15-6-3 (19) (A). Ingram filed his demand for trial on July 15, 2004, during the March term. The case could have been tried at any time until the succeeding September 2004 term ended in March 2005, OCGA § 17-7-170 (b), and nothing in the record shows that a jury could not have been impaneled to try Ingram for the remainder of the term. While the trial court has a very broad discretion in the granting or denial of a continuance, *Carnell v. State*, 246 Ga. App. 542, 543 (2) (541 SE2d 118) (2000), a court's refusal to exercise its discretion on the basis of a mistake of law does not fall within this broad purview. See, e.g., *Jackson v. State*, 244 Ga. App. 477, 479 (3) (535 SE2d 818) (2000) (automatic refusal to consider first offender sentence after verdict is refusal to exercise discretion).

But even if the trial court assigned an incorrect reason for denying Ingram's motion for a continuance, Ingram still must show that he was prejudiced by the denial. *Roberts v. State*, 272 Ga. 822, 824 (2) (537 SE2d 86) (2000). This he has failed to do. The State permitted Ingram's trial counsel to interview the witness and gave him the opportunity to review her criminal history. At trial, Ingram's counsel cross-examined the witness extensively with regard to her criminal history, including charges of cruelty to children, aggravated

assault, aggravated battery, and simple battery, as well as convictions for obstruction by lying to the police, terroristic threats, and disorderly conduct, on which her probation was twice revoked for urinating in her neighbor's yard. When asked what more trial counsel could have uncovered with regard to the witness's criminal record, appellate counsel acknowledged, "We have found nothing, Your Honor, that is, in regards to that, that he would have found in the aspect of her history" and "at this point we have not discovered anything." Pressed, he simply asserted that "ten days preparation for trial is allowed."

The Code section itself, however, provides that "for good cause" the trial court may allow time to be shortened, "in which event the counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify." OCGA § 17-16-8 (a). And we have held that "absent a showing of prejudice *and* bad faith, an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial." (Citation, punctuation and footnote omitted.) *Carter v. State*, 253 Ga. App. 795, 797 (1) (560 SE2d 697) (2002). Ingram had an opportunity to interview the witness and used the results of that interview to good effect in cross-examination. He has failed to demonstrate any prejudice resulting from the trial court's denial of his motion for a continuance.

4. Ingram asserts ineffective assistance of counsel. But at the hearing on his motion for new trial, Ingram's trial counsel did not appear and did not testify. In fact, appellate counsel presented no evidence or testimony of any kind. "Without such testimony, in the absence of other evidence that trial counsel's performance was deficient, the trial court is to presume that trial counsel's actions are part of trial strategy. In the absence of trial counsel's testimony, it is extremely difficult to overcome this presumption." (Citations and punctuation omitted.) *Temple v. State*, 253 Ga. App. 606, 609 (2) (a) (561 SE2d 132) (2002). Ingram presented no evidence to overcome the presumption and indeed repeatedly acknowledged that he had not done so. He therefore has failed to demonstrate ineffective assistance of counsel.

Finally, Ingram asserts that the cumulative effect of all the errors asserted denied him the opportunity for a fair trial. But " '[t]his state does not follow a "cumulative error" rule of prejudice; any error of record must stand or fall on its own merits and is not aided or aggravated by the accumulative effect of other claims of error. [Cit.]' [Cits.]" *Weeks v. State*, 270 Ga. App. 889, 891 (1) (a) (608 SE2d 259) (2004).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JULY 18, 2007.

*John B. Miller*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.