**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0276. MAY v. THE STATE

BARNES, Presiding Judge.

Following a jury trial, Quintin Bernard May was found guilty of robbery and sentenced to 20 years. He timely filed a motion for new trial, which he later amended contending that the evidence was insufficient to sustain his conviction, and that trial counsel's performance was deficient. Following a hearing, the trial court denied May's motion, and it is from that order that he appeals, and maintains that the evidence was insufficient to sustain his conviction, and that trial counsel was ineffective on the basis of several claimed deficiencies. Upon our review, we affirm.

1. We first consider May's claim as to the general grounds supporting his robbery conviction. Following a criminal conviction, the defendant is no longer

presumed innocent, and we construe the evidence in the light most favorable to the jury's verdict. *Gordon v. State*, 294 Ga. App. 908 (1) (670 SE2d 533) (2008).

> This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations and punctuation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

So viewed, the evidence shows that the victim was sitting in his car parked in the carport outside his home. He testified that he was counting money as he prepared to "pay some bills." He noticed May and a second man approach his yard from a path adjacent to his carport. When the victim next looked up, "May came to the passenger side of [his] car, attacked [him], [and] took [his] money." The victim tried to get out of his car to defend himself, but slipped and fell, and was then "kicked all in the face and the sides and the rears" by May. When May and the second man left the scene, the victim went to his neighbor's house and called the police. He testified that he knew May and the other man because they lived in the neighborhood, and that he had

known May for "five or ten years." He later identified May from a photographic line-up and in court as the man who robbed him.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y use of force." OCGA § 16-8-40 (a) (1). Here, the victim established the elements of the robbery with his testimony that May attacked him, kicked and beat him, and took his money. This evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307.

2. May also contends that his trial counsel was ineffective in his representation. He maintains several errors, including that she failed to request a continuance, failed to object to the admission of the photographic lineup, failed to move to sever May's trial from that of his co-defendant, improperly elicited testimony that he possessed drugs when he was arrested, and failed to object to the State's opening statement.

Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. See id. at 687-688, 694 (III) (A)-(B). "There is a strong

3

presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong. *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004). When reviewing the trial court's decision, this Court will accept the trial court's factual findings and credibility determinations unless clearly erroneous; however, we review legal principles de novo. *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Here, even if trial counsel's alleged errors or omissions constituted deficient performance, May fails to "demonstrate prejudice in light of the overwhelming evidence substantiating his guilt."(Citations and punctuation omitted.) *Glass v. State*, 289 Ga. 542, 549 (6) (c) (712 SE2d 851) (2011). Although he argues that the photographic lineup was admitted in error, and that trial counsel should have objected to its admission and requested a continuance when the photographic lineup was presented for the first time the day of the trial, May's identity was not in question. The victim and May lived in the same neighborhood and the victim had known May

4

for many years. May does not demonstrate how the admission of this evidence prejudiced his defense whatsoever.

Likewise, May does not demonstrate how trial counsel's failure to move to sever his trial from that of his co-defendant prejudiced his defense. The victim testified that May acted alone in attacking him, and that the co-defendant appeared to be in the "wrong place at the wrong time." At the close of evidence, the co-defendant moved for a directed verdict, which the trial court granted. Whether the number of defendants will create confusion of the evidence and the law applicable to each individual defendant, whether there is a danger that evidence admissible against one defendant will be considered against another despite the cautionary instructions of the court, and whether the defenses of the defendants are antagonistic to each other or each other's rights are considerations for the trial court when ruling on a motion to sever. *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997). "The defendant requesting a severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance." (Citation omitted.) Id.

In this case where the victim testified that May attacked him while the co-defendant stood by and observed, May cannot show that there is any reasonable

probability that the verdict would have been different had he been tried separately. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996). Moreover, "[t]he failure to file a motion to sever does not require a finding of ineffective assistance since the decision whether to seek severance is a matter of trial tactics or strategy, and a decision amounting to reasonable trial strategy does not constitute deficient performance."(Citation omitted.) *Harris v. State*, 279 Ga. 522, 529 (6) (615 SE2d 532) (2005). Trial counsel did not testify at the hearing on the motion for new trial, and "[w]ithout such testimony, in the absence of other evidence that trial counsel's performance was deficient, the trial court is to presume that trial counsel's actions are part of trial strategy. *Ingram v. State*, 286 Ga. App. 662, 665 (4) (650 SE2d 743) (2007).

May also claims that trial counsel was deficient for eliciting testimony into evidence that May had drugs in his possession when he was arrested. The testimony which May claims was objectionable occurred after the arrested officer testified that May had fled from police when they served May with an arrest warrant. During cross-examination of the witness, trial counsel asked if May had drugs in his possession seemingly, as a possible explanation for why he had fled from police. We do not find

6

counsel's performance deficient in this regard. See *Turner v. State*, 245 Ga. App. 294, 296 (4) (c) (536 SE2d 814) (2000).

We have also reviewed May's remaining allegations of ineffectiveness and find them to be without merit or abandoned for failure to cite to any supporting authority or evidence in the record. Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Adams and McFadden, JJ., concur.*