**SECOND DIVISION
BARNES, P. J.,
ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**November 13, 2012**

# In the Court of Appeals of Georgia

A12A1203. KEATON v. THE STATE

BARNES, Presiding Judge.

Following a jury trial, James Earl Keaton was found guilty of burglary and possession of tools for the commission of a crime and sentenced to 20 years in prison. He filed a motion for new trial, which following a hearing, was denied. Keaton now appeals, contending that trial counsel was ineffective. Upon our review, we affirm.

> We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility[, but instead] construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict.

(Citations omitted) *Ellis v. State*, 282 Ga. App. 17, 18 (1) (637 SE2d 729) (2006).

So viewed, the evidence shows that Keaton drove Barbara Ann Howard, Keaton's girlfriend, and Mario Derico Jackson to a residence on Cooley Street in Bainbridge where Howard had once lived. Howard testified that she told Keaton the morning of the burglary that they could get "some guns" from the house. Jackson drove the group to the residence, and Keaton stayed in the vehicle as the lookout, while Howard and Jackson went into the residence. Several witnesses working in a nearby field saw a purple vehicle drive up to the residence. One witness testified that he saw people get out of the car and walk around the house as if "looking for a way in." The men called the homeowner and 911.

The homeowner's sister testified that she drove to her brother's house after receiving a call from him, and when she arrived there was a car parked in the driveway "back in the trees." The man in the car said that he was waiting for a friend, but drove off when she told him to leave. She identified Keaton as the person she saw sitting in the car.

The police officer who first responded to the burglary in progress call testified that as he approached the house, he passed a "bluish-purplish" car, and that a young man standing in the road pointed "back toward the direction of the car that [he] had just passed." He stopped the car, and the driver was later identified as Keaton, who

2

was arrested and charged with the crimes at issue in this appeal. Howard and Jackson were apprehended later after an extensive police search.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable and professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). We need not address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either prong. *Ledford v. State*, 313 Ga. App. 389, 393 (4) (721 SE2d 585) (2011).

Keaton appears to contend that trial counsel was ineffective for failing to move to suppress several statements that he made about why he was present at the burglarized residence. Keaton at various times gave investigators several different reasons for his presence at the residence, including that he was taking a "female" to

3

the residence to pick up her clothing, that he was "just waiting on folks," and that he had gone to the residence to steal marijuana plants. Keaton asserts that trial counsel was ineffective for failing to move for a *Jackson-Denno* hearing to suppress the statements because the inconsistent statements "gave the jury concern about [his] veracity."[1]

When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation and punctuation omitted.) *Rivers v. State*, 283 Ga. 1, 3 (b) (655 SE2d 594) (2008). The evidence shows the officer who stopped Keaton testified that when he stopped Keaton, he placed him in custody and that during a five-minute span, Keaton gave him several different explanations for his presence at the victim's home. During cross-examination he testified that he had immediately handcuffed Keaton, and that he did not read him his *Miranda* warning at that time. No other testimony regarding the stop was elicited during the trial.

---

[1] Keaton states that he was placed in custody and questioned without being given Miranda warnings; however, he makes no further argument regarding the voluntariness of his statements on this basis.

4

At the hearing on the motion for new trial, trial counsel testified that he did not move to suppress any statements given to police because of trial strategy, as the statements reflected Keaton's defense that he "was very cooperative and forthcoming with information from the day of this incident all the way through the day of the trial." No other evidence regarding the circumstances of the stop, Keaton's custody, or voluntariness of the statements was presented at the hearing. Keaton did not testify at the hearing on the motion for new trial.

Here, Keaton has made no attempt to show that a motion to suppress would have been successful, nor has he articulated such arguments in this Court. Since he "failed to show that a motion to suppress would have been granted had one been filed, the trial court did not err in finding that trial counsel's representation of [Keaton] did not amount to ineffective assistance of counsel. [Cits.]" *Edenfield v. State*, 238 Ga. App. 362, 365 (519 SE2d 452) (1999).

*Judgment affirmed. Adams, and McFadden, JJ., concur*.