297 Ga. 68
FINAL COPY

S15A0093. BUCKNER v. BARROW.

BLACKWELL, Justice.

Christopher M. Buckner was convicted of violations of the Georgia Controlled Substances Act,[1] he appealed, and the Court of Appeals affirmed his convictions. See Buckner v. State, 321 Ga. App. 715 (742 SE2d 528) (2013). In his appeal, Buckner asserted several claims of error, but the Court of Appeals rejected them all. It rejected one on the ground that Buckner had abandoned it by his failure to make any meaningful legal argument in his appellate brief in support of that claim. See id. at 718 (3). Buckner then filed a petition for a writ of habeas corpus, alleging that he was denied the effective assistance of counsel on appeal when his appellate counsel failed to make a legal argument sufficient to preserve a claim of error. The habeas court denied his petition, finding that the appellate brief "clearly reflects that appellate counsel provided a legal

---

[1] More specifically, Buckner was convicted of trafficking in 3,4 methylenedioxymethamphetamine – also known as MDMA or, more commonly, ecstasy – and possession of MDMA with intent to distribute.

argument," and for that reason, appellate counsel was not ineffective. Representing himself, Buckner appeals from the denial of his habeas petition,[2] the Warden confesses error, and we vacate and remand for further proceedings consistent with this opinion.

As the Warden concedes, the habeas court was not permitted to find that appellate counsel made legal arguments sufficient to preserve a claim of error on appeal when the Court of Appeals already had found otherwise. Under the law of the case doctrine, if an issue is raised and resolved on direct appeal from a criminal conviction, the habeas court is bound by the appellate ruling and cannot reexamine it, even if it appears erroneous, and even if the erroneous ruling was that a claim of error had not been preserved for review.[3] Roulain v. Martin, 266 Ga. 353, 353-354 (1) (466 SE2d 837) (1996). See also Foster v. State, 290 Ga. 599, 601 (3) (723 SE2d 663) (2012). The habeas court erred with respect to the particular ground upon which it rejected Buckner's contention that

---

[2] Buckner timely filed an application for a certificate of probable cause to appeal from the decision of the habeas court, see OCGA § 9-14-52, and we granted that application.

[3] We do not mean to suggest that the Court of Appeals erred in Buckner's direct appeal. But the habeas court obviously thought that the Court of Appeals had erred. We express no opinion about the correctness of Buckner.

he was denied the effective assistance of counsel on appeal when his appellate lawyer failed to make legal argument sufficient to preserve a claim of error, and we vacate the decision of the habeas court. We do not now decide whether that contention of ineffective assistance has merit. Instead, we remand for the habeas court to reconsider it in a way that is consistent with the earlier determination by the Court of Appeals that appellate counsel did, in fact, fail to make legal argument sufficient to preserve the claim of error. See Crowder v. State, 288 Ga. 739, 740 (707 SE2d 78) (2011); Johnson v. Roberts, 287 Ga. 112, 114 (694 SE2d 661) (2010); Harden v. Johnson, 280 Ga. 464, 465 (629 SE2d 259) (2006).

Judgment vacated and case remanded. All the Justices concur.


Decided May 11, 2015.

Habeas corpus. Washington Superior Court. Before Judge Reeves.

Christopher M. Buckner, pro se.

Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.